## Haldeman *v.* Read Machinery Company, Appellant.

*Contracts—Master and servant—Indefinite period of employ-
ment—Presumption of employment at will.*

In a contract of hiring when no definite period is expressed, in
absence of facts and circumstances showing a different intention,
the law will presume a hiring at will. The fact that the hiring is
at so much per week, or month, or year, will raise no presumption
that the hiring was for such period. The preponderance of Ameri-
can authority in favor of the doctrine that an indefinite hiring is
presumptively a hiring at will is so great that it is scarcely open
to criticism.

Argued March 14, 1923. Appeal, No. 25, March T.,
1923, by defendant, from judgment of C. P. York Co.,
August T., 1921, No. 115, on verdict for plaintiff in the
case of James R. Haldeman v. Read Machinery Com-
pany. Before ORLADY, P. J., PORTER, HENDERSON, TREX-
LER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Assumpsit for salary due under contract of employ-
ment. Before WANNER, P. J.

The facts are stated in the opinion of the Superior
Court.

Verdict for plaintiff in the sum of $526.25 and judg-
ment thereon. Defendant appealed.

*Error assigned,* among others, was refusal of defend-
ant's motion for judgment non obstante veredicto.

*H. C. Niles,* and with him *M. S. Niles, C. A. May* and
*G. E. Neff,* for appellant.—A general or indefinite hiring
is presumed to be a hiring at will: Hogle v. DeLong
Hook and Eye Company, 248 Pa. 471; Peacock v. Cham-
bers, 46 Pa. 434; Weidman v. United Cigar Stores Co.,
223 Pa. 160; Bulkley v. Kaolin Products Company, 175
New York Supplement 219; Marquam v. Domestic En-

gineering Company, 210 Illinois Appeals 337; Van Der Veer v. Theile, 172 New York Supplement 628; Tatterson v. Suffolk, 106 Mass. 60.

*S. D. Wareheim,* for appellee, cited: Taylor v. Sattler, 6 Pa. Superior Ct. 229; Moore v. Adams, 29 Pa. Superior Ct. 239; Carpenter v. Lancaster, 212 Pa. 581; Wallace v. Floyd, 29 Pa. 184; Ranck v. Albright, 36 Pa. 367; Stradley v. Bath Portland Cement Co., 228 Pa. 108.

OPINION BY TREXLER, J., April 18, 1923:

The plaintiff entered the employ of defendant in 1917. The terms of employment were reduced to writing, on June 20, 1917, defendant wrote to the plaintiff "In accordance with our conversation we would state that we will be pleased to see you enter our employ commencing August 1st on the basis of $1,800 per annum." On January 3, 1918, the plaintiff was given a memorandum which read "Compensation for 1919 will be $2,000." February 22, 1919, plaintiff received a similar communication "An increase in your salary $2,200 per annum will take effect as from February 1, 1919," and again on September 25, 1919, "Your compensation $2,400 per annum from November 1st on." On January 19, 1920, "Increase in your salary to $2,860 per annum, payable monthly, beginning January 1st." Later, about the middle of July, 1920, his compensation was raised to $3,000 per year, no written memorandum, however, being made of this fact. It will be noticed that the essential facts concerning his employment are in writing. The court held that when he was discharged on April 20, 1921, he had a legal right to retain his position until August 1, 1921, which would have been the date for the termination of the contract if his employment were from year to year. It took the position that the real point in the case was whether the conduct of the plaintiff, Haldeman, for some time prior to his discharge on April 20, 1921, was such as warranted his

employers severing their relations and that question was submitted to the jury, who found in favor of the plaintiff. The court construed the original contract as a definite engagement for one year and that a continuance of the service beyond that period, renewed it for another year and so on, and instructed the jury that this was the law, unless they would find from the evidence that a separate and new contract was made some time between these parties. In this we think the court erred. In Hogle v. DeLong Hook and Eye Company, 248 Pa. 471, the court held "In a contract of hiring, when no definite period is expressed, in the absence of facts and circumstances showing a different intention, the law will presume a hiring at will. The fact that the hiring is at so much per week, or month, or year, will raise no presumption that the hiring was for such period" citing Weidman v. United Cigar Stores Co., 223 Pa. 160. We quote further from this case "This is a statement of a general rule, so widely recognized that this is said of it by Labatt in his work on Master and Servant, in section 160, 'The preponderance of American authority in favor of the doctrine that an indefinite hiring is presumptively a hiring at will is so great that it is now scarcely open to criticism.'" The contract in the Hogle case called for a salary of $3,000 per year, payable in monthly installments, and was similar to the one we have before us. There are no facts or circumstances warranting an inference that a different idea was in the minds of the parties than that which was expressed in the memorandum. If the contract had been for a definite time, the change in amount of the wages would not have rendered it indefinite, but where the time is not fixed the increase from time to time of the wages would at least fit in better with an indefinite contract than a definite one. We think the case of Hogle v. DeLong Hook and Eye Company rules the one we have before us. The term of the contract was not defined by the agreement. It was for the plaintiff to show that there was an agreement for

a definite period: Peacock v. Chambers, 46 Pa. 434; Coffin v. Landis, 46 Pa. 426. The court should have construed the contract as one that raised no presumption that the hiring was for a period of one year. There is an absence of facts and circumstances which might show a different intention and therefore, the matter was a question for the court to rule as a matter of law. The defendant's motion for binding instructions should have prevailed. The judgment is reversed and is now entered in favor of the defendant.