## Carey *v.* Pennsylvania Transfer Company, Appellant.

Argued March 15, 1932.  Before FRAZER, C. J., SIMPSON, KEPHART, MAXEY, DREW and LINN, JJ.

*Robert D. Dalzell,* of *Dalzell, Dalzell, McFall & Pringle,* for appellant.

*P. K. Motheral,* with him *Reed, Smith, Shaw & McClay,* for appellee.

PER CURIAM, April 11, 1932:

Defendant appeals from a judgment of the court below rendered for plaintiff in an action of assumpsit to recover a year's salary upon an oral contract of employment. Appellant argues the testimony was insufficient to raise a question of fact for the jury as to the existence of the alleged contract and that the verdict was against the weight of the evidence.

There is no foundation for the contention that the only affirmative evidence of the contract was plaintiff's bald assertion that "the position was mine." The record clearly shows the contrary, as plaintiff testified that James Simpson, president of the company, after an interview with applicant, approved him for the position, and further that H. C. Foster, who was at the time in charge of installing a new accounting system and who, according to Simpson's testimony, had authority to hire the new accountant, informed Carey, the plaintiff, that the position was his. Plaintiff also testified that on August 5, 1929, he went to the company's offices and actually began work, but was there only a few hours until dismissed without cause. On cross-examination, plaintiff stated, in answer to a question regarding his conversation with the president of the company, in the presence of Jones, treasurer of the company: "A. When they said they were satisfied with me, I said 'Will I get the position?' and they said, 'Yes, the position is yours.' Q. Who said that? A. Mr. Simpson; and I believe Mr. Jones said it, I won't say positively but I know Mr. Simpson said it."

In view of the fact that the president of the company admitted on the stand that he had approved Carey for the position, (although he denied having hired him) and his authority to contract in the name of the company was established, it cannot be said a question was not fairly raised for the jury. The issue was clearly presented to the jury in a lucid and comprehensive charge by the trial judge, and their verdict should not be dis-

turbed: Jones v. Pittsburgh Mercantile Co., 295 Pa. 219. See also Swayne v. Pressed Steel Car Co., 298 Pa. 31.

Although defendant produced several witnesses who testified that plaintiff had not been hired, these witnesses were all employees or other interested parties, and for that reason we cannot say that the verdict was against the weight of the evidence.

The judgment is affirmed.