**Esther M. TAGTMEIER**

v.

**Harry J. SMITH, individually and trading as Doriss & Smith, and John W. Doriss, Jr.**

**Civ. A. No. 24510.**

United States District Court
E. D. Pennsylvania, at Philadelphia.
Sept. 3, 1958.

I. Edward Master, Newman & Master, Philadelphia, Pa., for plaintiff.

James F. McMullan, Clark, Ladner, Fortenbaugh & Young, Philadelphia, Pa., for defendants.

LEAHY, District Judge.

This is a breach of contract suit for employment. Counsel suggested (I agree) this is a strange contract. Defendant has moved for judgment on the pleadings under Fed.Rules Civ.Proc. rule 12(b) (6), 28 U.S.C.A., or for summary judgment under F.R. 56.

1. At the outset, defendant John W. Doriss, Jr., is out of the case. He has the same role as plaintiff and cannot by any view be charged with breaking a contract in which plaintiff is involved. Summary judgment for him will hence be granted.

2. These are the allegations of the pleadings: July 1946 defendant Harry J. Smith orally agreed to employ plaintiff for 5 years. There is confusion as to what contract—oral or written—was in effect at the time of plaintiff's discharge on January 18, 1958. It would appear if there was an oral contract in July 1946, it expired in July 1951. It is difficult to find from the complaint that plaintiff rests her cause of action on the oral contract of July 1946. It would appear, at one glance, plaintiff relies on a certain written agreement of July 1946 and its various supplements. The significance of these supplements as of June 1951 and June 1956, as the original term was to end July 1951, was extended for two five-year terms, the second of which will not end until July 1961. On this basis plaintiff claims damages of $14,-560 which appears to be based on a salary of $80 a week for 1958–60 and for the period of 6 months of 1961.

A reference is now made to the written agreement of 1946. It is difficult and then not difficult to call it a contract of employment. In substance, it states certain employees, including plaintiff, will devote themselves to defendant's business. There follows provisions for the protection of Smith's estate in case he dies. Salary increases to employees depend on what Smith "desires to make." Smith was the sole proprietor of the insurance and brokerage business which was the subject of the agreement executed by plaintiff among other employees. Defendant claims if plaintiff is proceeding on the basis of a written contract of employment as shown by the July 1946 writing, her right to employment after the expiration of the 5 year period (July 1, 1951) ceased. Thus, defendant argues the employment here after 1951 was a hiring at will. Hogle v. De Long Hook & Eye Company, 248 Pa. 471, 94 A. 190. At most, defendant says the employment was indefinite. Haldeman v. Read Machinery Company, 80 Pa.Super. 578.

3. Plaintiff alleges an oral employment contract, some of the terms of which are found in writing. The term commenced in July 1946 and was extended for five-year periods from July 1951 and from July 1956 to 1961. Plaintiff's theory is where one is employed for a fixed period, employer may not unilaterally terminate before the fixed period has expired. Stein v. Arjay Machine Co., 391 Pa. 50, 137 A.2d 460.

4. The question for decision is summary judgment. Such a judgment is only available when there is no genuine issue of fact presented. Moreover, such judgment is granted only where there is a certainty plaintiff is not entitled to relief under any stated facts which may be proved in support of such plaintiff's claim. Plaintiff here alleges an oral agreement to pay her not only salary but a percentage of profits. She claims she was dismissed without justification. These present factual issues. Any doubt as to existence of a material fact issue must be decided against the party moving for summary judgment.

Summary judgment is denied. A full trial will better bring out the disputed facts as to plaintiff's employment, its tenure, and what happened between the parties. An order providing for defendant to answer may be submitted.