## Newell v. Bernardi Brothers, Inc.

■■■■■■■■■■■■■■■■■■■■■■■■

*Lawrence G. Frank*, for plaintiff.

*David Lehman*, for defendant.

MORGAN, J., May 31, 1974.—This matter is before us on plaintiff's exceptions to a decision in favor of defendant by a judge sitting without a jury. The claim is for damages for an alleged breach of contract of employment.

Defendant, Bernardi Brothers, Inc., manufacturers and sells car wash equipment. It has dealers throughout the United States and services those dealers through regional sales managers. Plaintiff, formerly in the electronics business, was interviewed by defendant for possible employment as a regional sales manager on October 6, 1972. Thereafter, defendant sent a letter to plaintiff dated October 10, 1972, agreeing to employ him, which stated, in part, as follows:

"For the first six months of your operation, we will establish a guarantee of $1,500 per month which will be chargeable against the gross income achieved by your region during the first 12 months."

Plaintiff began work for defendant on November 1, 1972, but, shortly thereafter, defendant learned that at that time of or shortly before plaintiff was being interviewed for employment, he had entered business as a principal in another electronics industry enterprise. It was disclosed at trial that a number of potential customers of this business were located in the region to which plaintiff was to work for defendant and that plaintiff intended to solicit these customers while employed by defendant. Defendant was concerned at the prospect of conflicting loyalties and at the failure of plaintiff to disclose his other business activities during the course of the job interview. These concerns

led defendant to terminate plaintiff's employment on November 16, 1972.

On the basis of the language from the letter of October 10, 1972, quoted above, plaintiff contends that he had a firm contract of employment with defendant for at least six months and is entitled to be compensated for such term at the rate of $1,500 per month. We don't agree, In passing, we would state that, in our opinion, the agreement could have been terminated for cause, but it is unnecessary for us to discuss this ground since the employment relationship between plaintiff and defendant, as argued by defendant, was clearly terminable at will.

If a contract requires one party to render services to another but specifies no definite term, the contract is terminable at will: Cummings v. Kelling Nut Co., 368 Pa. 448, 84 A. 2d 323 (1951). See also, 9 Williston, Contracts, §1017 A Restatement 2d, Agency, §442. This presumption may, of course, be overcome by facts and circumstances which establish an intention of the parties to establish some tenure of employment: Polk v. Bashline, 45 D. & C. 2d 53, 55' (1968). However, neither the October 10, 1972, letter nor any of the discussions between defendant and plaintiff support any inference that plaintiff was employed for any specific time. As a matter of fact, they establish the contrary.

The standard employment agreement of defendant for regional sales manager provides, ". . . this agreement may be terminated by either party *at any time* . . ." Plaintiff was initially in a training program and knew that he would be required to sign this standard agreement at the end of 1972 and before he moved into his assigned region. The letter of October 10, 1972, was obviously deficient in its terms; the region was not defined nor was plaintiff's rate of commission. The letter did not embody, nor was it intended to embody,

all of the parties' understanding. The first sentence of the letter began, "This will confirm our conversation of October 6, 1972 . . ." and plaintiff in his own testimony admitted that on said date there were no discussions as to the duration of employment; that he had merely the hopeful expectancy that the relationship would be so mutually satisfactory as to be permanent. The language employed in the letter did not guarantee plaintiff any length of time of employment. It simply described the basis for compensation to plaintiff as a draw or advance; it in no way limited the right of either party to terminate the relationship. The fact that a hiring is at so much per week or month or year, will raise no presumption that the hiring was for such period: Haldeman v. Read Machinery Co., 80 Pa. Superior Ct. 578 (1923).

We do, however, conclude that plaintiff was entitled to compensation for the two weeks during which he was employed by defendant and, therefore, reverse the decision and direct the entry of judgment in favor of plaintiff in the amount of $750.