## Harger *v.* Jenkins.

*Master and servant—Discharge—Other employment.*

Where a person employed as a master of a river boat for a period of one year, is wrongfully discharged, he is not obliged to accept an offer of the inferior position of pilot, and that for one trip only.

In an action by a servant against his master to recover for an unexpired term after a wrongful discharge, where the defendant denies both in his affidavit of defense and in his testimony the fact of the plaintiff's discharge, and avers that he quit the service voluntarily, the defendant is in no position to ask the court to give binding instructions in his favor on the ground that the discharge was justifiable. Such a request wrongfully assumes the fact that the justifiability of the discharge is the issue in the case.

Argued May 10, 1901. Appeal, No. 79, April T., 1901, by defendants, from judgment of C. P. No. 1, Allegheny Co., Sept. T., 1897, No. 289, on verdict for plaintiff in case of Holmes Harger v. Robert Jenkins, Jr., surviving partner of T. M. Jenkins & Company. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Assumpsit for wages. Before STOWE, P. J.

At the trial it appeared that in July, 1896, plaintiff made a contract with defendants to act as master and pilot of a river boat for one year from July 1, 1896. The arrangement was that he was to be paid by the trip. Plaintiff alleged that on March 16, 1897, he was wrongfully discharged. Between this date and the first of July, the boat made five trips, and he claimed to recover wages for these trips.

Defendant presented these points:

1. That under all the evidence the verdict must be for the defendants. *Answer:* Refused. It is a matter, we think, under the evidence, for the jury. [1]

3. That if the plaintiff was offered employment as pilot he ought to have taken it, and can only recover the difference in wages per trip between what he would have gotten as master and as pilot. *Answer:* If the evidence leads you to believe that defendants offered plaintiff employment for a year as pilot (the term plaintiff alleges he was employed for) and such employment was refused by plaintiff, your verdict should only be for the amount of the wages he would have been entitled to as master (excluding, of course, what he would have been entitled to as pilot). But upon this question, before you base your verdict simply upon the amount plaintiff would have received as master, the evidence must lead you to believe that the offer to keep plaintiff on and keep him on as pilot, was to continue for the year plaintiff alleges he was employed for by defendants.

Mr. Smith: Will you say to the jury that if they believe the defendants wanted him to take that trip, they should allow that single trip as a deduction of $125.

The Court: No, I do not think that has anything to do with the case the way I put it to the jury. [2]

Verdict and judgment for plaintiff for $790. Defendants appealed.

*Errors assigned* were (1, 2) above instructions, quoting them.

*Edwin W. Smith,* with him *Knox & Reed,* for appellants, cited: Elliott v. Wanamaker, 48 Leg. Int. 56 ; Matthews v. Park Bros. & Co., 146 Pa. 384.

*Clarence Burleigh,* for appellee, cited: Wachs v. Friedmann, 11 Mo. App. 602.

OPINION BY BEAVER, J., July 25, 1901:

The plaintiff, being in the employ of the defendant, as master and pilot of a river boat, as he claimed for the period of one year, was, as he alleged, discharged by the defendant prior to the termination of his employment.    Defendant denied both the employment for the year and the discharge, alleging that plaintiff's services as master were unsatisfactory and that he was offered employment as pilot at least for one trip, which he declined and voluntarily quit defendant's service.

The questions raised by the assignments of error were, first, was the plaintiff bound to accept employment as pilot tendered him by the defendant?    The plaintiff does not deny his duty to seek other employment, but insists that he was not bound to accept a lower position, either for a single trip or for the remaining period of his employment, even at the same wages. The court intimated that, if the defendant had offered the plaintiff employment as pilot for the entire period covered by his contract of employment, he would have been bound to accept it, but that he was under no obligation to serve for a single trip.    No question as to the sufficiency of the plaintiff's efforts to seek other employment is raised.    The offer of other service, differing in character and for a different period, was of itself in the nature of a rescission of the contract which, if accepted by the plaintiff, would have been evidence of his assent thereto.    He was not bound to put himself in such a position. In reference to the character of the employment, the rule laid down in Wood's Master and Servant, 242, is: " By other employment is meant employment of a character such as that in which he was employed, or not of a more menial kind.    A person employed as a bookkeeper and wrongfully discharged would not be obliged to seek employment as a farm hand, nor

a person employed as an actor to seek employment as clerk in a store, nor would he be obliged to accept a situation of a more menial character, though offered to him by his former employer. He is only required to engage in service of an equal grade and character of that from which he was discharged. A farm laborer or any person employed at general labor would be bound to seek general work but an engineer, a carpenter or person employed in any special department of business would only be required to seek such employment as is within his special line and as is equally reputable as that from which he was discharged. In a Scotch case—Ross v. Pender—what must be accepted as the true rule was adopted. In that case the plaintiff was employed as head game keeper for a term. The defendant discharged him from that position but offered to retain him as assistant game keeper at the same wages. This the plaintiff declined to accept and, in an action to recover damages for breach of the contract, the court held that the plaintiff was not bound to accept the offer of the defendant to take a subordinate or different position from that for which he was employed and that his refusal to accept such position did not operate to mitigate the damages." The plaintiff was, therefore, clearly justified in his refusal to accept a subordinate position, particularly when it was offered him, according to the defendant's testimony, for but a single trip.

The appellant raises a second question as to the duty of the court to give binding instructions on the ground that the discharge was justifiable. This, however, assumes the fact that the justifiability of the discharge was the issue in the case. The defendant, however, both in his affidavit and in the testimony, denied the fact of the plaintiff's discharge but insisted that he quit defendant's service voluntarily, upon an expression of dissatisfaction with his services. The question of discharge and not its justifiability was the real question of fact in the case which was affirmed by the plaintiff and denied by the defendant. The case could not, therefore, have been taken from the jury.

We find no error in the refusal of the defendant's point or in the general instructions of the court of which the defendant has a right to complain.

Judgment affirmed.