# Weidman *v.* United Cigar Stores Company, Appellant.

*Contract—Hiring—Term of hiring—Intention.*

1. In a contract of hiring, where no definite period is expressed, in the absence of facts and circumstances showing a different intention, the law will presume a hiring at will. The fact that the hiring is at so much per week or month or year will raise no presumption that the hiring was for such period. Where, however, a contrary intention can be fairly derived from the contract itself, the law will allow such intention to prevail; and where the contract is in writing, the court, in construing the instrument, will take into view the situation of the parties, and the objects they had in view.

2. Where a written contract for the purchase of a store and fixtures from two partners also provides for the employment of the two partners, by the purchaser, at a stated salary per year, as general managers of the store in question and other stores conducted by the purchaser, the contract so far as it relates to the employment will be construed as a hiring by the year, and not as a hiring at will. Such a contract shows that the employment was stipulated for as a consideration moving to the vendors.

Argued Oct. 23, 1908. Appeal, No. 121, Oct. T., 1908, by defendant, from judgment of C. P. No. 3, Allegheny Co., Aug. T., 1904, No. 250, on verdict for plaintiff in case of Charles Weidman v. United Cigar Stores Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, ELKIN and STEWART, JJ. Affirmed.

Assumpsit for salary. Before EVANS, J.

The facts are stated in the opinion of the Supreme Court.

The court charged in part as follows:

If Mr. Weidman is entitled to recover then he is entitled to recover the balance of this year's salary, less what he could have reasonably earned had he used due diligence to get other employment.

Verdict and judgment for plaintiff for $1,913.50. Defendant appealed.

*Errors assigned* were charge of the court as above and in refusing binding instructions for defendant.

*A. Leo Weil,* with him *Charles M. Thorp,* for appellant.—
There was no hiring by the year: Coffin v. Landis, 46 Pa. 426;
Martin v. Life Ins. Co., 148 N. Y. 117 (42 N. E. Repr. 416);
Edwards v. Ry. Co., 121 N. C. 490 (28 S. E. Repr. 137); The
Pokanoket, 156 Fed. Repr. 241; Finger v. Koch & Schilling
Brewing Co., 13 Mo. App. 310; Haney v. Caldwell, 45 Ark. 156;
McCullough Iron Co. v. Carpenter, 67 Md. 554 (11 Atl. Repr.
176); Greer v. Arlington Mills Mfg. Co., 43 Atl. Repr. 609;
Kansas Pacific R. R. Co. v. Roberson, 3 Colo. 142.

*Charles A. O'Brien,* with him *Charles W. Ashley,* for appel-
lee.—The hiring was for a year: Kirk v. Hartman, 63 Pa. 97.

OPINION BY MR. JUSTICE STEWART, January 4, 1909:

In a contract of hiring, where no definite period is expressed,
in the absence of facts and circumstances showing a different
intention, the law will presume a hiring at will. The fact that
the hiring is at so much per week or month or year will raise
no presumption that the hiring was for such period. Where,
however, a contrary intention can be fairly derived from the
contract itself, the law will allow such intention to prevail; and
where the contract is in writing, the court, in construing the
instrument, will take into view the situation of the parties,
and the objects they had in view. The present case is to be
adjudged in the light of these well-established rules. The
plaintiff and his partner were the owners of a cigar and to-
bacco store in the city of Pittsburg. The defendant company
owned and conducted several stores of like character in the
same city with headquarters in New York, where they also own
and conduct other stores of like kind. By written article of
agreement the company contracted with the plaintiffs for the
purchase of the latter's store in Pittsburg. The clause in the ar-
ticle under which the question arises is as follows: "Immedi-
ately upon the completion of said inventory and appraise-
ment, the said first parties shall become and be responsible for
the general management of all the stores of the said second
party in Allegheny County, Pennsylvania, each giving his
entire services as such; the said Charles Weidman to receive

the sum of $3,300 per year and the said Charles J. Moye to receive the sum of $2,200 per year for such services as aforesaid." If this clause were the whole of the agreement, the rule first above stated would unquestionably require us to construe the hiring to be at will. But it is only part of the agreement which, because it embraces other matters, contains several parts, mutually depending on each other and necessary to be brought under the same view, in order to ascertain the meaning of the parties. The prime object of the agreement, regarded as a whole, was to effect a purchase of the store owned by plaintiff and his partner, to the end that it might become one of the associated stores owned and conducted by the defendant in the city of Pittsburg. It was above all things a contract of sale. It recites a covenant on part of plaintiff and his partner, to sell and convey to the defendant company the stock of materials and the fixtures in their store, upon terms and conditions thereafter expressed. The first of these conditions is that the price is to be determined by inventory and appraisement; the second, that upon completion of sale the plaintiff and his partner were to pass into the employment of the defendant company as general managers of all its stores in Allegheny county. It is not only a reasonable, but we think an almost necessary inference, that the employment here stipulated for was part of the consideration on which the agreement to sell rested. If the business that plaintiff and his associate were engaged in had been a profitable one, it is hardly probable that they would have been content to part with it for simply what the store and fixtures would be found to be worth on an appraisement. If not a business success, it is no more probable that defendant company would be desirous to place men who had failed to make a success of a single store in charge of an extensive group of stores of its own. So far as the future employment entered into the contract, it was of largest concern to those who were to be employed. We think the contract clearly shows that the employment was stipulated for as consideration moving to the vendors. If correct in this, then it is manifest that the parties intended something wholly different from that which the law will presume from the language used in the hiring clause of the

agreement.  If the future employment of the plaintiff was part of the consideration of the sale, certainly it was not contemplated that so much of the consideration was to be subject to disappointment at the pleasure or caprice of the employer.  To impose on this contract a strictly legal construction of the terms used in the hiring clause, would allow the employer, for no breach whatever on the part of the plaintiff, to deprive the latter of his employment within the first hour after he had entered upon his duties.  Any such construction would lead to. results which could not reasonably have been intended, and would be in plain disregard of the true meaning and spirit of the agreement.  The court's refusal to give binding instructions, and later to enter judgment non obstante, was rested on other considerations than those we have indicated.  We place our affirmance of the judgment solely upon the reasons we have indicated.  The assignments of error are overruled.

The judgment is affirmed.