# Hogle, Appellant, *v.* DeLong Hook and Eye Company.

*Pleading—Statement of claim—Master and servant—Contracts of hiring—Indefinite term—Hiring at will—Construction—Presumption—Insufficient statement—Demurrer.*

1. In a contract of hiring where no definite period is expressed, the law will presume a hiring at will in the absence of facts and circumstances showing a different intention, and the fact that the hiring is at so much per week, or month, or year, will raise no presumption that the hiring was for such period.

2. In an action to recover salary for the balance of a year for which plaintiff alleged that he had been employed, but before the expiration of which he had been dismissed, where no facts were alleged in the statement of claim from which the inference could be drawn that plaintiff had been employed for the year for which he claimed salary, other than the fact that he was employed at a yearly salary, the presumption that a hiring at will was intended applied, and the court properly entered judgment for defendant on demurrer to the plaintiff's statement of claim.

Argued Jan. 13, 1915. Appeal, No. 153, Jan. T., 1914, by plaintiff, from judgment of C. P. No. 5, Philadelphia Co., Dec. T., 1912, No. 4220, for defendant on demurrer to plaintiff's statement of claim, in case of W. W. Hogle *v.* De Long Hook and Eye Company. Before BROWN, C. J., MESTREZAT, STEWART, MOSCHZISKER and FRAZER, JJ. Affirmed.

Assumpsit on an alleged contract of employment. Before MARTIN, P. J.

The opinion of the Supreme Court states the facts.

The defendant demurred to the plaintiff's statement of claim. The court sustained the demurrer and entered judgment for defendant. Plaintiff appealed.

*Error assigned* was the judgment of the court.

*Francis Shunk Brown,* with him *Frank A. Chalmers,* for appellant.

*E. Stanley Richardson,* for appellee.

OPINION BY MR. JUSTICE STEWART, March 15, 1915:

The issue here raised was on a demurrer to the plaintiff's statement. The statement averred an oral contract by which the defendant agreed to employ the plaintiff at a salary of $3,000.00 per year, payable in monthly installments, from the 16th day of August, 1909, and that plaintiff in pursuance of said contract entered into the defendant's employ, and so continued up to the 16th August, 1910; that for the first two weeks of the next succeeding yearly term he continued at like salary, but that his salary was then increased to $3,500.00 for the remaining portion of that year, that is from September 1st, 1910, to August 16th, 1911; that he continued in said employment thereafter from 16th August, 1911, to 16th August, 1912, at the same salary, and from 16th August, 1912, to 31st August, 1912, when he was wrongfully dismissed "in violation of the contract of employment between the parties which commenced 16th August, 1909, and continued from year to year thereafter." The demand was for salary for fifty weeks following the dismissal at $3,500.00 per year, less certain credits. The demurrer is based on the legal position that the statement discloses no cause of action, inasmuch as the contract as there set out was not a contract of employment for any specific term, but at will, and it further denies the implication averred. It was sustained by the court below and judgment was accordingly entered for the defendant. Three months after the entry of judgment, a rule issued at the instance of the plaintiff to show cause why the judgment should not be opened and an amendment to the statement allowed. The rule was subsequently discharged, so that we have nothing before us but the original statement to consider.

The insufficiency of the statement is quite evident Admitting every fact there averred, it comes short of making out a prima facie case. "In a contract of hiring, when no definite period is expressed, in the absence of facts and circumstances showing a different intention, the law will presume a hiring at will. The fact that the hiring is at so much per week, or month, or year, will raise no presumption that the hiring was for such period." Weidman v. United Cigar Stores Co., 223 Pa. 160. This is a statement of a general rule, so widely recognized that this is said of it by Labbat in his work on Master and Servant, in Sec. 160, "The preponderance of American authority in favor of the doctrine that an indefinite hiring is presumptively a hiring at will is so great that it is now scarcely open to criticism." The appellant recognizes the difficulty he encounters in the rule, and avers that by implication the hiring in this case was for a year, but the statement contains nothing from which such implication can be derived, and here is just where it comes short. With every fact alleged proved on a trial the presumption that the hiring was at will would remain to be overcome; the plaintiff would be obliged to go further and establish additional facts and circumstances warranting an inference that something more was in contemplation of the parties than can be derived from the contract as set out in the statement. If there be such facts and circumstances they should appear in the statement, since without them the statement would not show a cause of action.

"If the plaintiff relies upon an exception to a general rule, he must state the facts in the complaint which bring his case within it." Encyc. Pleading and Practice, Vol. 4, 614. Exceptions to the rule here stated are rare; but one now occurs to us, and that has respect to the statute of limitations. In a suit upon an obligation past due for more than six years, the declaration must be on the original promise, and it is not required in such case that the declaration should set out the facts relied on

to defeat the bar of the statute, for the one sufficient reason that the statute, as said by MITCHELL, J., in Barclay v. Barclay, 206 Pa. 307, is not a defense absolute, of which the court will take judicial notice on the presentation of the plaintiff's case, either in his declaration or at the trial, for if the defendant does not choose to make it, it is not a part of his case at all.

We are of opinion with the learned judge in the court below that the statement in this case discloses no cause of action. The assignment of error is therefore overruled, and the judgment is affirmed.