## Jones *v.* Pittsburgh Mercantile Co., Appellant.

Argued October 3, 1928. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Andrew M. Linn* and *William D. Evans*, for appellant.—In the absence of facts and circumstances showing a contrary intention, a hiring for no definite period is a hiring at will: Weidman v. Cigar Stores Co., 223 Pa. 160; Coffin v. Landis, 46 Pa. 426.

The circumstance that salary is stated at so much per year does not alter the presumption of an employment at will: Weidman v. Cigar Stores Co., 223 Pa. 160; Henry v. R. R., 139 Pa. 289; Peacock v. Chambers, 46 Pa. 434; Brindley v. Walker, 221 Pa. 287; Hogle v. Hook & Eye Co., 248 Pa. 471; Haldeman v. Machinery Co., 80 Pa. Superior Ct. 578.

*Robert D. Dalzell*, of *Dalzell, Fisher & Dalzell*, for appellee.

Opinion by Mr. Justice Kephart, November 26, 1928:

Plaintiff sued on a contract of employment, averring a yearly contract and discharge without reasonable cause; while defendant insisted that the employment was at will and the discharge was for cause. A verdict was recovered in the court below and, on this appeal, under the assignment for judgment n. o. v., but one question is submitted: Was the evidence sufficient to establish a contract of hiring for a definite term?

Where no definite period is expressed in a contract of hiring, the law presumes a hiring at will (Weidman v. United Cigar Stores Co., 223 Pa. 160); the naming of a fixed sum per annum as compensation raises no presumption that the hiring is for that period. See Peacock v. Cummings, 46 Pa. 434; Hogle v. DeLong Hook and Eye Co., 248 Pa. 471; Standard Life Ins. Co. v.

Carey, 282 Pa. 598; Miller v. Rodd, 285 Pa. 16. The burden is on the plaintiff to overcome that presumption by showing facts and circumstances establishing a hiring for a fixed term.

Plaintiff's oral contract was made directly with the manager of the company in 1913, and continued in the same form until the day of discharge, except for slight circumstances, such as raises in salary and enlargement of duty. Appellee's testimony indicates that the contract was a yearly hiring; in addition to his oral evidence, he submitted other evidence which aided the jury in so finding.

Plaintiff had been employed for twenty-seven and one-half years. He steadily rose in his position until, at the time of his dismissal, he was receiving one hundred dollars a week. He had ten shares of stock of the company in his name, later reduced to one share, and was elected by the board of directors secretary and treasurer of the company, and by the stockholders as director of the company. At the time of his discharge in 1925 he occupied these positions, both of which were annual appointments. In May, 1924, defendant prepared what is known as a profit-sharing plan; under it a written contract was entered into between the parties, providing for a share of the profits over a period of twelve months. The participating period was fixed to run from December thirty-first of each year; payments thereunder were made in the nature of additional compensation. The agreement automatically extended itself from year to year. This agreement was null and void if the plaintiff should voluntarily or involuntarily separate himself from defendant. The testimony of plaintiff that he was working on an annual basis, the bonus contract, his election to office by the stockholders and directors, together with the character of the position which he held, raised a question fairly for the jury, which was submitted in a charge free from complaint. The jury, by their written verdict, found that plaintiff "worked under an annual

contract"; this finding was conclusive on the court below, as it is on us.

The judgment of the court below is affirmed, at the cost of appellant.