Swayne *v.* Pressed Steel Car Co., Appellant.

Argued October 4, 1929. Before Moschzisker, C. J., Frazer, Walling, Simpson, Kephart, Sadler and Schaffer, JJ.

*Maynard Teall,* with him *Reed, Smith, Shaw & Mc-Clay,* for appellant.

*Daniel S. Horne* and *David L. Starr,* for appellee, were not heard.

PER CURIAM, November 25, 1929:

Plaintiff claimed a contract of employment with defendant for the year beginning May 1, 1918, and ending April 30, 1919; further, that the contract was "automatically" renewed from year to year, May 1st to April 30th, and was in effect when defendant, on August 23, 1924, ceased paying the salary of plaintiff. He sued in assumpsit and was permitted to recover his full pay, with interest, from August 23, 1924, to April 1, 1925, when he obtained other employment. Defendant appealed.

It is quite true, as contended by appellant, that, "where no definite period is expressed in a contract of hire, the law presumes a hiring at will......, and the naming of a fixed sum per annum as compensation raises no presumption that the hiring is for that period." The jury was so instructed in the present case.

Here, however, plaintiff testified that, after twenty-five years of service with defendant corporation, its vice-president and general manager "called [him] into his office and told [him his] employment was to be by the year, and that [his] salary would be $4,000, commencing May 1, 1918." This occurred, according to plaintiff's testimony, when he was "changed to superintendent" of one of defendant's plants. The substance of the testimony just quoted is restated on the record several

times. At one point this testimony appears: "Q. Did he [the officer who employed plaintiff] say you would be employed at the rate of $4,000 a year? A. No, sir...... He told me I would be employed by the year, and then told me the salary that went with the job." Further on, plaintiff testified, "the contract originally made on May 1, 1918, was to run to May 1, 1919."

We agree with the court below that the fact defendant saw fit to use plaintiff in supervisory capacities other than superintendent of the mills for which he was particularly employed, during a period when that plant was shut down, and that the salary of $4,000 was at one time raised to $4,500, in no way cancelled the contract here involved. All the issues of fact were left to the jury in a very careful charge, and we cannot say there was no evidence to sustain the findings in favor of plaintiff.

The judgment is affirmed.