## Trainer, Appellant, v. Laird et al.

Submitted January 8, 1936. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN and BARNES, JJ.

*John F. Burgess,* for appellant.

*Laurence H. Eldredge* and *Montgomery & McCracken,* for appellees.

OPINION BY MR. CHIEF JUSTICE KEPHART, January 31, 1936:

The appellant's contract of employment was one at will. The contract was oral and provided for "$3,000 the first year, $4,000 the second year, and $5,000 the third year and thereafter." Appellant began work in January, 1930, and was discharged in February, 1934. During that period, he accepted, without objection, successive reductions in wages. After dismissal from appellee's employ he claimed the difference between the amount of wages received and the amount he would have received if he had been paid the wages set forth above.

The contract of hiring, being at will, was subject to termination at any time by either party, and the employer or employee could modify it without limitation as the employer here did. Appellant, having acceded to this modification, cannot now repudiate his acceptance and recover on the basis upon which he says the hiring was effected.

Where a contract contemplates hiring at varying yearly wages, for an indefinite period, the naming of yearly wages does not make the contract one for a definite period. The fact that the hiring is at so much per week or month or year raises no presumption that the hiring was for such period (Weidman v. United Cigar Stores Co., 223 Pa. 160) unless the facts and circumstances show such intention. Here there are no such facts and circumstances. The words "and thereafter"

416

indicate that the contract was indefinite as to duration and, there being no definite period expressed, the law presumes a hiring at will.

In Hogle v. DeLong Hook & Eye Co., 248 Pa. 471, the contract provided for employment at a "salary of $3,000 per year payable in monthly installments." After the second year started, the salary was increased to $3,500 a year. The employee was dismissed in the fourth year and we held the hiring to be at will and not for a year. See Jones v. Pittsburgh Mercantile Co., 295 Pa. 219. A general or indefinite hiring is always presumed to be a hiring at will. Custom, facts or circumstances may show a contrary intention. But, where hiring is at so much per day, week, month, quarter, or year, there is no presumption that hiring was for a fixed period; the figure merely fixes the rate of compensation for the time of service or employment. In Orr v. Ward, 73 Ill. 318, employment was for the sum of $2,100 for the year 1873, and $2,400 for the year 1874, payable semi-monthly or monthly, the employee agreeing to devote his whole time to the business. Plaintiff was discharged during the first year and it was held "the contract contains no undertaking . . . to retain or continue appellee in the service of the firm for any definite period."

Any contract which permits modification either as to salary or time is necessarily an indefinite undertaking and must be so regarded. A contract at will is modified when the employer reduces the salary. If there was a contract for a definite term, at the stipulated yearly salary, these reductions could not have been made without appellant's consent. That they were so made clearly shows changes in an existing contract at will, and bars appellant's rights to recover. See Webb v. Lees, 149 Pa. 13, 153 Pa. 436.

Judgment affirmed.