## Howard v. Siegel, Appellant.

520

Argued March 5, 1936.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, PARKER, JAMES and RHODES, JJ.

*John Memolo,* for appellant.

*Eugene Nogi,* of *Nogi, Harris & Nogi,* with him *Arthur J. Harvith* and *Clarence C. Mendelsohn,* for appellee.

OPINION BY RHODES, J., April 16, 1936:

Plaintiff brought an action of assumpsit against the defendant for breach of an alleged oral contract of employment, for the term of one year, as superintendent of the defendant's factory at Dickson, Tenn. By agreement of counsel, the case was referred to, and heard by, a referee. The referee found for the plaintiff in the amount of $1,685.25. The defendant filed exceptions to the referee's findings of fact and conclusions of law, which were dismissed by the court; and judgment was entered in favor of the plaintiff in the sum of $1,151.74, by agreement. The defendant appealed.

Appellant's statement of questions involved, which limits the scope of this appeal (New York & Penna. Co. v. N. Y. Central R. R. Co. et al., 300 Pa. 242, 150 A. 480; Rubinsky v. Kosh, Guardian, et al., 296 Pa. 285, 145 A. 836; Com. ex rel. v. Snyder, 294 Pa. 555, 144 A. 748), raises three questions, which we shall consider together with the assignments of error relevant thereto.

The first question raised by appellant is whether or not the plaintiff proved a definite oral contract of employment for a period of one year. Appellant admits that he hired the plaintiff; but he avers in his affidavit of defense that the term of the agreement was for a period of one week, and that it could be terminated at the will of either party at the end of any week.

The referee in his first finding of fact found that the appellant, on November 15, 1933, orally agreed to hire the plaintiff as superintendent of appellant's factory, located at Dickson, Tenn., for one year from December 1, 1933, at a salary of $300 per month. The appellant and the plaintiff were the only parties present when the alleged oral contract was made; and the testimony as to what transpired is conflicting. The plaintiff testified as follows:

"Q. Will you tell the Referee exactly what took place between you and Mr. Siegel with reference to the contract? A. Mr. Siegel said he wanted a man to take

charge of his southern plant as Superintendent. Q. And where was that located? A. In Dickson, Tennessee, and then Mr. Siegel asked me what salary I would want. I told him $400 per month. He said he would not pay that much. I asked him how $350 struck him. He said no, he would not pay over $300. I told him, I said, Mr. Siegel, you understand this is a new factory and all new help. You cannot expect results too quickly. He said, I will be perfectly satisfied if you produce results by the first of May. I told him that I could produce results before the first of May, but I said I could not think of going to Dickson unless I was sure of a year's employment. He said O.K. You have a job for a year. Q. When was that to commence? A. December 1, 1933. Q. Contract of employment was to commence December 1, 1933, and extend for a period of one year? A. Yes, sir. Q. And your salary was at $300 per month? A. Yes, sir. Q. And Mr. Siegel agreed to do that? A. Yes."

The plaintiff had been employed in the manufacturing business, in which the appellant was engaged, for about 35 years. He had supervised and managed factories similar to that of the appellant. He was to supervise the installation of the machinery in the appellant's new plant and thereafter take charge of its operation. On November 24, 1933, the plaintiff met the appellant in New York and helped select the necessary machines for the factory at Dickson. On December 3d, he went to Dickson and set up one hundred machines and began to teach the girl employees how to operate them. A few days before Christmas, 1933, his wife and child came to Dickson from Reading, having packed their furniture preparatory to moving to Dickson. Plaintiff offered in evidence a letter, which the appellant wrote to the mayor of Dickson, Tenn., on November 29, 1933, in which the appellant stated: "This will introduce to you, Mr. T. C. Howard, who will represent us in your city as Superintendent."

Appellant, on the other hand, testified that he hired

the plaintiff for a period of six weeks; that he was not hired as superintendent of the whole plant, but only as foreman of the sewing room.

The conflicting testimony as to the contract raised a question of fact for the referee. The referee found that the plaintiff had a contract with the appellant for one year's employment, at a salary of $300 per month. This finding of fact by the referee was conclusive if there was sufficient evidence to support it. Batchelder v. Standard Plunger Elevator Co., 227 Pa. 201, 75 A. 1090; Bruch v. City of Philadelphia, 181 Pa. 588, 37 A. 818; Finkelstein v. Spatt, 50 Pa. Superior Ct. 293.

Appellant contends that plaintiff's testimony, accepting it as true, does not establish, as a matter of law, a definite contract of hiring for a fixed term. The burden of proving a contract for a year's employment was on the plaintiff. If no definite period was stated, in the absence of facts and circumstances showing a different intention, the law presumes a hiring at will. Haldeman v. Read Machinery Co., 80 Pa. Superior Ct. 578; Jones v. Pittsburgh Mercantile Co., 295 Pa. 219, 145 A. 80. Nor does the fact that the hiring is at so much per week or month or year raise a presumption that the hiring was for such period. Hogle v. DeLong Hook & Eye Co., 248 Pa. 471, 94 A. 190; Weidman v. United Cigar Stores Co., 223 Pa. 160, 72 A. 377. Although the words used by the appellant were not formal or legalistic, it cannot be successfully urged that they do not constitute a promise of a year's employment; nor do they stand alone. "The acts of the parties, their conduct and the circumstances and relations existing between them, are all elements to be given due consideration in determining both the existence and terms of such an agreement": Knight v. Gulf Refining Co., 311 Pa. 357, 361, 166 A. 880, 882. When all the facts and circumstances in the case before us are taken into consideration, it is clear that the evidence warrants the finding that a contract

for one year's employment existed. See Jones v. Pittsburgh Mercantile Co., supra.

The second part of appellant's statement of questions involved, except in so far as it is a duplication of the first relative to plaintiff's burden of proving a definite contract for one year, raises the question whether the plaintiff was discharged without cause, or whether he voluntarily quit (assignments of error Nos. 2, 7, 8, 13, 14, 16, and 17). The referee's finding on this point was as follows:

"Fifth: On the 30th day of December, 1933, Mr. Howard and Mr. Siegel met in the Graystone Hotel about 2:00 p. m. and after some argument Mr. Siegel discharged Mr. Howard, without sufficient excuse." The plaintiff testified that the appellant said, on this occasion, "if you do not like it you can quit. In fact you are fired right now." Appellant claimed that he did not discharge the plaintiff, but that the plaintiff told him he was quitting. Whether the appellant discharged the plaintiff without any sufficient reason, as the plaintiff alleged, or whether the plaintiff voluntarily quit, was merely a question of fact. There being testimony to support the referee's finding that the plaintiff was discharged by the appellant without sufficient cause, this finding, having also been approved by the court below, is conclusive and binding upon us. This was a question of the veracity of the witnesses who testified, and the finding thereon, if supported by evidence, must be sustained. Niland v. Gill, 99 Pa. Superior Ct. 107, 109; Philadelphia Company v. United Gas Improvement Co., 180 Pa. 235, 36 A. 742.

The third question raised by the appellant is whether appellant could discharge the plaintiff if the plaintiff, while intoxicated in a hotel lobby, scolded the appellant for some act of the latter not within the scope of plaintiff's employment. This question assumes that appellant discharged the plaintiff, and that he had a sufficient

excuse for doing so. In his affidavit of defense, appellant averred that the plaintiff terminated his employ ment by telling the appellant that he was quitting. At the hearing before the referee, appellant requested the referee to find that "the plaintiff voluntarily terminated the employment." He filed an exception to the referee's refusal to do so. Throughout the entire proceedings the appellant's defense was that he did not discharge the plaintiff, but that the plaintiff quit voluntarily. Discharge for cause was not raised in the court below, and will not be considered here. Kohn et al. v. Burke et al., 294 Pa. 282, 144 A. 75. See, also, Harger v. Jenkins, 17 Pa. Superior Ct. 615.

"An appellate court will not review a case on a different theory from that on which it was tried in the court below, nor will it consider other questions than those presented for determination at the trial: Rettew Co. v. Heller, 85 Pa. Superior Ct. 418": Borough of State College v. Pontius et al., 112 Pa. Superior Ct. 440, 444, 171 A. 293, 294.

The assignments of error are overruled, and the judgment is affirmed.