Johnson *v*. Spear & Company, Appellant.

Argued May 5, 1936.

Before KELLER, P. J., CUNNING-HAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*E. B. Strassburger,* with him *J. Frank McKenna, Jr.,* of *Strassburger & McKenna,* for appellant.

*Abraham Pervin,* for appellee.

OPINION BY RHODES, J., July 10, 1936:

Plaintiff sued defendant for breach of an oral contract of employment. He claimed a balance of $468.60 for the year 1931, and a balance of $1,866.68 for the year 1932. The court below withdrew from a jury the claim for 1931; and plaintiff recovered a verdict for the difference between the amount received in 1932 and an annual salary of $2,800. Defendant appealed from the judgment entered on the verdict.

The plaintiff alleged that the oral contract of employment was made with the assistant treasurer of the appellant company in March, 1924. In this connection plaintiff testified: "Q. Can you fix that day? A. Sometime in March, about the time we paid the income tax. Q. March 1924? A. Yes. Q. What occurred between you and Mr. Lord at that time? A. Mr. Lord called me in the office one day and said, 'I am putting you on by the year, at a salary of $3250.00,' and he said, 'With the bonus, that will make you $3350.00.' There was something else said in there, and then he said to me, 'And I don't want to hear anything further from you for the next two years.' He said, 'I am dating this back to the first of the year.' Q. Were you satisfied with that change? A. I thanked him. Indeed I was."

Plaintiff was employed as a bookkeeper by appellant in September, 1920. He received $50 per week until 1923, when his compensation was raised to $55 per week. In 1924, 1925, and 1926 he received $3,250 each year, plus an annual bonus of $100. This bonus he also received in like amount in the years 1922 and 1923. In 1927 his salary was increased to $3,500, and so continued during 1928 and 1929. In 1930 he was paid $3,435; and in 1931, $3,031.40. A further reduction was made in 1932 prior to the time of his dismissal.

For January, 1932, he received $233.33; for February, $197.33; for March, $179.33; and for April, $179.33. At the termination of his employment on May 16, 1932, he received $144, and executed the following receipt or release: "O. K. Lord Pittsburgh, Pa., 5/16/1932 Received from SPEAR & COMPANY One hundred forty-four Amt. 144.00 in full of all wages and demands to date. Charge Private P R Sig. F. T. Johnson." The question whether this paper which plaintiff signed operated as a release of all his claims against the appellant, or whether it was simply a memorandum for the use of the bookkeeping department, indicating a withdrawal of cash, was submitted to the jury. Plaintiff accepted, without protest, the successive reductions made up to the time of his dismissal.

Plaintiff's contention is that the agreement made in March, 1924, constituted an oral contract of employment by the year, and that it automatically extended itself from year to year; whereupon he was entitled to compensation for 1931 in the amount of $3,500, and for 1932 in the amount of $2,800.

To sustain the verdict, the plaintiff must have proved a contract of hiring for the year 1932, at a yearly salary of $2,800. In Hogle v. DeLong Hook and Eye Co., 248 Pa. 471, at page 473, 94 A. 190 (quoting from Weidman v. United Cigar Stores Co., 223 Pa. 160, at page 161, 72 A. 377), the recognized rule is stated as follows: " 'In a contract of hiring, when no definite period is expressed, in the absence of facts and circumstances showing a different intention, the law will presume a hiring at will. The fact that the hiring is at so much per week, or month, or year, will raise no presumption that the hiring was for such period.' " Again, in Jones v. Pittsburgh Mercantile Co., 295 Pa. 219, at page 220, 145 A. 80, the Supreme Court said: "Where no definite period is expressed in a contract of hiring, the law presumes a hiring at will (Weidman v. United Cigar Stores Co.,

223 Pa. 160 [72 A. 377]) ; the naming of a fixed sum per annum as compensation raises no presumption that the hiring is for that period. See Peacock v. Cummings, 46 Pa. 434; Hogle v. DeLong Hook and Eye Co., 248 Pa. 471 [94 A. 190]; Standard Life Ins. Co. v. Carey, 282 Pa. 598 [128 A. 537]; Miller v. Rodd, 285 Pa. 16 [131 A. 482]. The burden is on the plaintiff to overcome that presumption by showing facts and circumstances establishing a hiring for a fixed term.''

Plaintiff presents the argument that the evidence shows that he was employed by the year, in 1924, and that he continued to work under that contract of yearly employment until he was discharged in May, 1932. Plaintiff relies upon the cases of Swayne v. Pressed Steel Car Co., 298 Pa. 31, 147 A. 837, and Jones v. Pittsburgh Mercantile Co., supra. In the Swayne case it clearly appears that plaintiff was employed by the year, at a fixed salary, commencing on a definite date. In the Jones case it was held that the contract indicated a yearly hiring, and that, in addition to the oral testimony of the plaintiff, he submitted other testimony which aided the jury in so finding. In that case the plaintiff had been employed by the defendant for 27½ years; he was a stockholder of the company; he was elected by the board of directors as secretary and treasurer of the company; and he was elected by the stockholders as a director of the company. The latter were annual appointments. The testimony raised a question for the jury. In Howard v. Siegel, 121 Pa. Superior Ct. 519, 184 A. 272, we also held that the finding that there was a contract of employment for a year was warranted by the evidence. However, in the case at bar, the testimony of the plaintiff as to the contract made in March, 1924, creates, at most, a contract of employment for two years, to wit, 1924 and 1925. There is no evidence showing a yearly hiring thereafter; nor are there any facts and circumstances from which it

might reasonably be inferred. We find in the record no evidence to show that the hiring was for a fixed period of more than two years, or that the contract made in March, 1924, was automatically extended from year to year so as to create a contract of hiring or employment on a yearly basis for the year 1932. In fact, in the present case, the facts and circumstances point only to an indefinite employment or hiring at will after 1925.

The plaintiff received $3,350 for 1926, and $3,500 per annum in the years 1927, 1928, and 1929. There was a slight reduction in 1930, due to a lay-off without pay. For January, February, and March, 1931, his monthly compensation was on the basis of $3,500 per annum. There was a reduction for the month of April. For May and June he received payment on the basis of the annual amount. For the following months there was a material reduction, making a total for that year of $3,031.40. Toward the end of the year he was laid off at times without salary. Plaintiff offered no objection. Under these circumstances, there could have been no contract of employment on a yearly basis for the year 1931 at a stipulated yearly salary. It is true that an increase or reduction in salary at the beginning of a year, if a definite employment by the year existed, would not cancel a contract for yearly employment previously made (Swayne v. Pressed Steel Car Co., supra) ; nevertheless a reduction occurring during the year in question, or a lay-off without pay, is inconsistent with a contract of employment for the period of a year at a fixed yearly salary. In the case of Trainer v. Laird et al., 320 Pa. 414, at page 416, 183 A. 40, at page 41, the Supreme Court, in an opinion by Mr. Chief Justice Kephart, said: "Any contract which permits modification either as to salary or time is necessarily an indefinite undertaking and must be so regarded. A contract at will is modified when the employer reduces the

salary. If there was a contract for a definite term, at the stipulated yearly salary, these reductions could not have been made without appellant's consent. That they were so made clearly shows changes in an existing contract at will, and bars appellant's rights to recover."

Plaintiff's employment for the year 1931 was a hiring at will, and there is no evidence whatsoever that his employment for the following year was otherwise. See Hogle v. DeLong Hook and Eye Co., supra; Haldeman v. Read Machinery Co., 80 Pa. Superior Ct. 578; Miller v. Rodd, 285 Pa. 16, 131 A. 482; Trainer v. Laird et al., supra. Appellant's motion for judgment n. o. v. should therefore have been granted.

Appellant has raised the question of the alleged release and also of a variance between the plaintiff's statement of claim and his proofs. In view of our conclusion, discussion of these matters is rendered unnecessary.

Judgement is reversed, and is here entered for the defendant.