## Kostenbader, Appellant, *v.* Schoeneck Farms, Inc.

Argued December 12, 1938.

Before Keller, P. J., Cunning-
ham, Baldrige, Stadtfeld, Parker and Rhodes, JJ.

*Calvin F. Smith,* of *Smith & Paff,* with him *Francis
Johns Gafford,* for appellant.

*Lewis R. Long,* for appellee.

Opinion by Stadtfeld, J., January 31, 1939:

This is an action in assumpsit to recover $675 dam-
ages for an alleged breach of an oral contract of employ-

ment, together with the additional sum of $367.80, representing a claim for mileage and use by plaintiff of his automobile in fulfilling the duties of his employment. The latter claim was admitted in the pleadings and judgment entered therefor, leaving the former claim alone in dispute between the parties.

The plaintiff filed a statement of claim wherein he averred, with reference to the employment contract, that on March 15, 1935, he entered into the employ of the defendant corporation as superintendent of its farms; that on April 5, 1935, the defendant corporation, by and through its president, Robert A. Reichard, and its treasurer and general manager, J. Donald Pharo, verbally agreed to employ plaintiff as superintendent of farming of the Schoeneck Farms, Inc., for a period of one year, beginning on the 15th day of March, 1935, at a salary of $1800 per year; and that plaintiff entered upon the duties of his proper employment and performed the same until the 11th day of November, 1935, when he was discharged.

The defendant's affidavit of defense denied the hiring of plaintiff for any definite period, but averred that the employment was at will.

At the trial of the case before STEWART, P. J., and a jury, a verdict was returned in favor of the plaintiff and against the defendant in the sum of $675. Subsequently, the court in banc, on a motion for judgment non obstante veredicto, made absolute the rule for judgment n. o. v. as to all of the verdict over $50 and directed judgment to be entered in that amount in favor of the plaintiff. This appeal followed.

"In a contract of hiring, when no definite period is expressed, in the absence of facts and circumstances showing a different intention, the law will presume a hiring at will. The fact that the hiring is at so much per week or month or year will raise no presumption that the hiring was for such period." *Weidman v. United Cigar Stores Co.*, 223 Pa. 160, 161, 72 A. 377. dictory evidence, a case has not been made out: *Kurtz*

The rule is firmly established as a settled principle of law upon the authority of the Supreme Court of this Commonwealth, and of this court: *Hogle v. DeLong Hook and Eye Co.*, 248 Pa. 471, 94 A. 190; *Trainer v. Laird et al.*, 320 Pa. 414, 183 A. 40; *Howard v. Siegel*, 121 Pa. Superior Ct. 519, 184 A. 272; *Johnson v. Spear & Co.*, 122 Pa. Superior Ct. 526, 186 A. 313. And the burden is on the party asserting the contract of hiring for a definite period, where none is expressed, to overcome the presumption of a hiring at will by showing facts and circumstances establishing a hiring for a fixed term: *Jones v. Pgh. Mercantile Co.*, 295 Pa. 219, 145 A. 80; *Johnson v. Spear & Co.*, supra.

The only question to be determined in the instant case is whether or not the testimony shows facts and circumstances from which it can reasonably be inferred, in the absence of an express provision, that the contract between the parties fixed a definite period of hiring.

Considered in the light most favorable to the plaintiff in the court below, for whom the jury returned a verdict, the testimony reveals the following circumstances attending the formation of the contract of hiring: Thomas Kostenbader started to work as superintendent of the alfalfa farms and dehydrating plant of Schoeneck Farms, Inc., on or about the 15th day of March, 1935. No agreement as to compensation or duration of employment was entered into at this time. On April 5, 1935, however, Kostenbader went to the office of Robert A. Reichard, who was president of the company, and there he met both Mr. Reichard and Donald Pharo, the treasurer and general manager of the company. Reichard and Pharo came into the room where Kostenbader was calculating the seeding requirements for the year, and stating that they had decided to pay him $1800 per year, asked him how that suited him. He replied, "Not so good", but finally consented. Thereafter, Pharo drove Kostenbader to Bethlehem from the office at Allentown, and, on the way, said,

"The old man (Reichard) is that way; in June or July, he is liable to come along and give you a raise, and also by the end of the year we will have a nice bonus."

Mr. Kostenbader continued in the employ of Schoeneck Farms, Inc., until November 11, 1935. During the period of his employment, he received $75 semimonthly. On November 11, 1935, Kostenbader was discharged, and shortly thereafter, Pharo came to his home and left a check in the amount of $50, representing the balance due from the time of the last payment. Kostenbader subsequently returned the check, and protested the discharge.

The testimony in the case presents no proof of such facts and circumstances as to warrant the finding that the contract between the parties fixed the duration of employment for a definite period. The fact that appellant was required to calculate the acreage and seeding requirements for the year affords no proper basis for an inference of employment for a definite duration. Such preliminary planning is rather an essential element to the commencement of farming work irrespective of the period of employment. It would, in a like manner, be improper to raise an inference of a fixed period of hiring from the statement made to Kostenbader by Pharo, holding out the prospect of a bonus at the end of the year. Obviously, this statement, made under the circumstances following the completed oral agreement between the parties, cannot be regarded as part of the contract. At the most, it might reasonably be understood as holding out the prospect of a gratuity in the event of appellant's employment for the year, but scarcely as guaranteeing him employment for that period.

Furthermore the facts are undisputed that appellant actually began to work for Schoeneck Farms, Inc., on March 15, 1935, but that the oral agreement was entered into on April 5, 1935. This oral agreement, appellant contends, provided for his employment for a definite

period, namely, one year. There is, however, nothing in the testimony to indicate whether, assuming the contract fixed a year's employment, the working year was to begin as of March 15, 1935, and end one year thereafter, or whether the term of employment was intended to begin on April 5, 1935. It can scarcely be contended that a period of employment is fixed and definite, when neither a day of beginning nor a day of ending is agreed upon.

There being no evidence to support the finding of a contract for a definite period, we are convinced that the judgment rendered by the court below in defendant's favor, was proper.

Judgment affirmed.