## Hay v. Pittsburgh Lodge No. 46 Loyal Order of Moose, Appellant.

Argued May 1, 1939.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*Edward O. Spotts, Jr.,* with him *W. T. Corbett,* for appellant.

*Leonard S. Levin,* with him *Robert F. Levin,* for appellee.

OPINION BY CUNNINGHAM, J., September 29, 1939:

Plaintiff sued the defendant local lodge for breach of an alleged contract of employment as manager and secretary of the lodge, and recovered a verdict of $2,075.31 in the court below.

On appeal to this court from the judgment entered on the verdict, defendant assigns as error, inter alia, the refusal of its motion for judgment n. o. v. Appellant's principal contention is that the lower court erred in not holding, as a matter of law, that appellee failed to allege or prove anything more than an employment at will, and did not show a contract for a definite period.

Appellee's statement of claim averred a contract entered into May 1, 1937, between himself and appellant's representative, Joseph A. Jenkins, evidenced by the following letter:

"SUPREME LODGE OF THE WORLD
Loyal Order of Moose
Mooseheart, Illinois
Membership Enrollment
Department

Joseph A. Jenkins
Regional Director
Farmers Bank Building
Pittsburgh, Pennsylvania

May 1, 1937

To the Officers of Pittsburgh
Lodge No. 46,
Loyal Order of Moose
Gentlemen:

This is to inform you that it has been arranged with Mr. Robert Hay to become Manager and Secretary of the above lodge, at a salary of $250 per month.

The above salary to be in force and effect until the membership of Pittsburgh Lodge No. 46, reach[es] a membership of 2000, after which a rearrangement of the salary will be discussed.

Fraternally yours,
(Signed) Jos. A. Jenkins,
Special Representative
Supreme Lodge"

The amended statement set forth a copy of the minutes of a meeting of the Board of Officers and Trustees of the appellant lodge, held May 7, 1937, reading in part as follows: "The contract of Robert Hay with Joseph A. Jenkins, Special Representative of the Supreme Lodge was read. The contract between Special Representative of the Supreme Lodge, Joseph A. Jenkins and Robert Hay is as follows [setting out in full the above quoted letter of May 1, 1937]. Upon motion of Brother Corbett, seconded by Brother Zange, the new board accepted this contract and ordered it to be made part of the minutes of this meeting. Motion carried." These minutes were written up by appellee him-

self as secretary of the lodge, and signed by appellee and W. N. Robson, Dictator.

In addition to alleging faithful performance of his duties under the contract as secretary and manager, appellee's statement set forth the following letter of discharge written him by Jenkins:

"PITTSBURGH LODGE
46 Loyal Order of Moose
634 Penn Avenue, Pittsburgh, Pa.
Grant 4648
Otto A. Zange, Dictator
Robert Hay, Secretary-Manager
January 11, 1938.

Mr. Robert Hay
628-34 Penn Avenue
Pittsburgh, Pa.
Dear Mr. Hay:

This is to inform you that your services as Secretary and Manager of Pittsburgh Lodge No. 46, Loyal Order of Moose are terminated as indicated in prior conversations had with you during the past month.

The books of the Lodge have been audited by the Supreme Auditor and found to be correct as to cash balances.

Upon your surrendering possession of the keys, papers, and other paraphernalia now in your possession pertaining to your office, the relationship between you and Lodge No. 46 will be terminated with no further demands upon you.

I am requesting the officers of this lodge to immediately prepare a salary check for you for the first half of January, 1938.

Respectfully yours,
(Signed) Jos. A. Jenkins
Representative Supreme Lodge."

The tenth paragraph of appellee's statement of claim (which was filed when suit was started by him on Feb-

ruary 2, 1938, less than one month after his alleged wrongful discharge) reads as follows:

"Tenth: Plaintiff avers that at the present time there are approximately eleven hundred (1100) members in said defendant corporation, and inasmuch as under the terms of his contract of employment a salary of Two Hundred Fifty ($250) Dollars a month was to continue until two thousand (2000) members in said defendant corporation were obtained, and as plaintiff has no means of knowing when a membership of two thousand (2000) will be obtained, he now makes a reasonable approximation that same will take between 8 and 9 months' time, and therefor for the purposes of this suit at this time brings this action in the sum of Twenty-one Hundred Twenty-five ($2125) Dollars, being $125 for the balance due for the month of January 1938, and $250 a month for the months of February, March, April, May, June, July, August and September, 1938."

Following the refusal of its motion to strike off the statement of claim, appellant filed an affidavit of defense raising questions of law and averring generally that appellee had failed to allege a definite contract of employment or set forth a cause of action. The court below, in banc, decided the questions of law thus raised against appellant and it thereupon filed an affidavit of defense to the merits.

At the jury trial on November 17, 1938, appellee introduced in evidence the letter of May 1, 1937, constituting the alleged contract of employment; the minutes of the meeting of the Board of Officers and Trustees of May 7, 1937, at which the "contract" was accepted, together with the letter of dismissal of January 11, 1938. Appellee testified he was in attendance and performed his duties as secretary of the lodge and manager of the building faithfully from May 1, 1937 to January 11, 1938, when he was dismissed. He also introduced certain telegrams showing Jenkins' authority from the

Supreme Lodge to appoint and employ all officers of the appellant local—an authority not questioned by appellant.

Beginning October 1, 1938, appellee obtained a permanent position elsewhere. He also gave credit to appellant for $100 earned by him as a commission salesman during the summer of 1938. Appellee's successor as secretary-manager of the local lodge testified for appellee that the membership had not reached 2000 at any time between January 11, 1938 and October 1, 1938.

Appellant, by its evidence, did not question the letters and writings relied on by appellee, but introduced testimony tending to show appellee was discharged by reason of incompetence in the performance of his duties.

The above summary of the evidence includes all the facts and surrounding circumstances proven by appellee, or appearing anywhere in the record, which have any bearing on the main issue in the case,—whether a definite contract of employment was shown. Upon the whole record, we think appellant's point for binding instructions should have been affirmed, or its subsequent motion for judgment n. o. v. granted.

Appellee failed to allege or prove a contract for a definite or fixed term. At most his contract was one terminable at will. The law on this point is well established and is stated in *Hogle v. DeLong Hook & Eye Co.*, 248 Pa. 471, 473, 94 A. 190, as follows: " 'In a contract of hiring, when no definite period is expressed, in the absence of facts and circumstances showing a different intention, the law will presume a hiring at will. The fact that the hiring is at so much per week, or month, or year, will raise no presumption that the hiring was for such period.' *Weidman v. United Cigar Stores Co.*, 223 Pa. 160." Later, in *Jones v. Pittsburgh Mercantile Co.*, 295 Pa. 219, 145 A. 80, our Supreme Court said (page 220): "Where no definite period is expressed in a contract of hiring, the law presumes a hiring at will (*Weidman v. United Cigar Stores Co.*,

223 Pa. 160) ; the naming of a fixed sum per annum as compensation raises no presumption that the hiring is for that period. [Citing cases]. *The burden is on the plaintiff to overcome that presumption by showing facts and circumstances establishing a hiring for a fixed term.*" (Italics supplied). See to the same effect: *Trainer v. Laird et al.,* 320 Pa. 414, 183 A. 40; *Haldeman v. Read Machinery Co.,* 80 Pa. Superior Ct. 578; *Howard v. Siegel,* 121 Pa. Superior Ct. 519, 184 A. 272; *Johnson v. Spear & Company,* 122 Pa. Superior Ct. 526, 528, 186 A. 313; *Lightcap v. Keaggy,* 128 Pa. Superior Ct. 348, 356, 194 A. 347; *Kostenbader v. Schoeneck Farms, Inc.,* 134 Pa. Superior Ct. 334, 336, 337, 4 A. 2d 199.

Appellee's alleged contract was in writing, and the interpretation of the letters and minutes and the determination of the question whether or not appellee proved a contract for a definite period, were matters of law for the court. What Judge TREXLER said, when speaking for this court in *Haldeman v. Read Machinery Co.,* supra, (p. 580) is applicable here: "The term of the contract was not defined by the agreement. It was for the plaintiff to show that there was an agreement for a definite period: *Peacock v. Chambers,* 46 Pa. 434; *Coffin v. Landis,* 46 Pa. 426. The court should have construed the contract as one that raised no presumption that the hiring was for a period of one year. There is an absence of facts and circumstances which might show a different intention and therefore the matter was a question for the court to rule as a matter of law."

Where a contract is written and its terms are not in dispute, its construction is a matter of law for the court: *Baldwin v. Magen,* 279 Pa. 302, 123 A. 815; *Dougherty et al. v. Proctor & Schwartz, Inc.,* 317 Pa. 363, 176 A. 439; *Pears v. Shannon,* 329 Pa. 278, 198 A. 307; *Simsohn v. Wetter,* 111 Pa. Superior Ct. 523, 170 A. 422.

The letter of May 1, 1937, in which Jenkins informed the lodge "that it has been arranged with Mr. Robert

Hay to become Manager and Secretary of the above lodge, at a salary of $250 per month" was clearly not a contract for a definite period on its face. It simply fixes the amount of salary to be paid under an employment at will. Nor does the sentence, "The above salary to be in force and effect until the membership of Pittsburgh Lodge No. 46 reach[es] a membership of 2000, after which a rearrangement of the salary will be discussed" establish an employment for a definite period. This latter sentence does not even say the employment will terminate when the membership reaches 2000; it is simply a statement that when such event occurs a change in the salary rate will be discussed. If it was intended to have any other meaning, appellee had the burden of proving the parties meant something different from the ordinary import of the words used. This he did not do.

We need not consider whether a contract *to employ* appellee until the membership of the lodge reached 2000, if clearly shown, would meet the standard of certainty and definiteness laid down in the cases of *Butler v. Kemmerer,* 218 Pa. 242, 67 A. 332; *Machen v. Budd Wheel Co.,* 294 Pa. 69, 143 A. 482, and *Seiss v. Mc-Clintic-Marshall Corp.,* 324 Pa. 201, 188 A. 109.

Even assuming that such a contract had been proven, and further, that it was sufficiently definite to be enforceable, appellee's proofs did not entitle him to go to the jury upon the question of the amount of his damages. He admitted on cross-examination that his estimate of October 1, 1938, as the date upon which appellant's membership would reach 2000, was only a "surmise" or "guess." Manifestly, the award of this jury, based as it necessarily was, solely upon appellee's own guess, or expectation, should not have been permitted to stand.

In view of the conclusions already stated, it is not necessary to consider whether an employee under a contract of hiring for a definite term who has been

wrongfully discharged may sue immediately and recover his wages for the balance of the term, or is limited to the amount which had accrued at the date of suit.

The first assignment, charging error in denying appellant's motion for judgment n. o. v., is sustained.

Judgment reversed and here entered for appellant.