## Vogue v. National Rolling Mills

*Lawrence E. Wood,* for plaintiff.

*Martin J. Cunningham,* for defendant.

KENT, *J.,* January 5, 1974—This matter is before the court on post-trial motions filed on behalf of both plaintiff and defendant. Defendant has filed motions for judgment n.o.v. and for new trial.

Plaintiff seeks a new trial limited to the question of damages.

In his complaint in assumpsit, plaintiff seeks recovery for damages allegedly accruing to him under the terms of a contract of employment with defendant. In the first count thereof, plaintiff seeks to recover wages lost by the alleged wrongful termination by defendant of an oral contract of employment for one year. In the second count, plaintiff seeks to recover for damages allegedly sustained by his failure to receive a promised stock option, and in the third count he makes claim for the loss of an alleged bonus.

By its answer, defendant admitted the employment of plaintiff but denied that said employment was to continue for a period of one year. It is defendant's contention that plaintiff was employed for no definite term. Plaintiff's claims for stock option and bonus were similarly put in issue by defendant's pleading.

At the conclusion of the trial, the issues raised with respect to the bonus and stock option were withdrawn by the court from the jury's consideration by reason of lack of proof thereof. In his motion for new trial, plaintiff assigns the withdrawal of the stock option issue as the sole grounds in support thereof. In his brief, plaintiff expressly offered no argument in support of his contention other than to request that any new trial granted be with respect to all issues. The jury returned a verdict in favor of plaintiff in the amount of $2,750.

The thrust of defendant's argument in support of its motions is to the effect that the instant contract should have been found to be one terminable at will as a matter of law. Defendant relies upon Gillian v.

Consolidated Foods Corp., 424 Pa. 407 (1967), where it was stated:

"[A]bsent contrary facts and circumstances, a contract of employment that states a fixed sum per annum or 'annual remuneration' does not raise a presumption that the term of employment is for a term of one year": 424 Pa. 407, 414.

With this contention, we are in entire accord, and the jury was expressly so instructed. However, in the instant record, there were "facts and circumstances" present in addition to, and apart from, the quotation of an annual remuneration.

Such discussions as the parties had on the subject of bonus were based on annual salary figures. The three-month probationary period, which defendant does not contravene, is not consistent with a hiring at will. The position in question, that of plant manager for a steel mill, was a responsible one with a substantial salary. The circumstances of the employment were such that plaintiff, with defendant's full knowledge, resigned a similar position in another State and moved his family to this area. The quotation of an annual salary, while raising no presumption of annual employment is evidence which may be considered with other relevant facts bearing on the issue: Restatement (2d), Agency §442.

Defendant contends that where a contract of employment does not fix a definite period for its existence, it is presumed to be a hiring at will: Trainer v. Laird, 320 Pa. 414 (1936). The terms of the instant contract were the result of a series of correspondence and conversations passing between the parties. The issue of whether or not a definite period was fixed for its duration involved

the resolution of questions of fact, and these were submitted to the jury under instructions of which defendant makes no complaint. We, accordingly, make the following

## ORDER

And now, January 5, 1974, after argument and consideration of briefs, plaintiff's motion for a new trial is refused; defendant's motions for judgment n.o.v. and for new trial are refused.