# Gallagher, Appellant, *v.* Philadelphia Rapid Transit Company.

*Evidence—Cross examination—Extent of cross-examination—Judicial discretion—Physical condition of plaintiff—Testimony at another trial as to physical condition—Relevancy*

1. The range of a cross-examination is largely within the sound discretion of the trial judge, and unless that discretion has been abused to the injury of the party complainant, it is not ground for reversal.

2. It is not error for the court to refuse to permit plaintiff's

attorney to examine one of defendant's witnesses on cross-examination in regard to matters not touched upon in the direct examination and not intended to show bias, or to test the integrity of the witness or the accuracy of his statements.

3. In an action against a street railway company to recover damages for personal injuries, where it appeared that shortly before the accident plaintiff and her sister had testified in a previous trial of another action for personal injuries that plaintiff was sick and was just as bad as when first hurt, the admission of the record of such evidence was proper to show that at the time of the second accident plaintiff was not in good health, for the purpose of reducing damages, and to discredit their testimony to the effect that at the time of the second accident plaintiff was in good health.

*Damages—Personal injuries — Permanent injury — Insufficient evidence.*

4. In an action to recover damages for injuries sustained by a passenger on a trolley car in consequence of a collision, where the only evidence relating to injuries of a permanent character was that of a physician who in reply to a question whether plaintiff would "ultimately get well or require treatment indefinitely" replied "It would be difficult to answer that question definitely. She is still complaining. Of course, I do not see any evidence of it and I have to take her statement," the trial judge did not err in refusing to permit the jury to assess damages for permanent injuries.

Argued Jan. 22, 1915. Appeal, No. 270, Jan. T., 1914, by plaintiff, from judgment of C. P. No. 2, Philadelphia Co., June T., 1912, No. 1621, on verdict for defendant in case of Nellie E. Gallagher v. Philadelphia Rapid Transit Company. Before MESTREZAT, POTTER, ELKIN, MOSCHZISKER and FRAZER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before STAPLES, P. J., specially presiding.

The opinion of the Supreme Court states the facts.

Verdict for defendant and judgment thereon. Plaintiff appealed.

*Errors assigned* were in refusing a new trial, instructions to the jury and rulings on evidence.

*Eugene Raymond,* for appellant.

*Layton M. Schoch,* for appellee.

OPINION BY MR. JUSTICE FRAZER, March 1, 1915:

This action was brought by plaintiff to recover damages for injuries alleged to have been sustained by her while a passenger in a car of defendant, which collided with another of its cars at 52d and Jefferson streets in the City of Philadelphia. Plaintiff's contention is, that she was thrown from the seat she occupied to the floor of the car by the impact, and seriously and permanently injured. At the trial, defendant admitted the collision, and that plaintiff was a passenger on one of the cars, but claimed she received no injury as the result of the accident. Whether plaintiff was injured, and if so, to what extent she was entitled to receive compensation, were the sole questions for consideration by the jury. A verdict was rendered for defendant, a new trial refused, and this appeal followed.

There are six assignments of error. The first four, in substance, specify that the verdict is against the law, the weight of evidence and the charge of the court; none of these assignments can be sustained. While the evidence adduced is not voluminous, the value of the testimony of the different witnesses was for the jury, and in this case the facts shown to exist are ample to sustain a verdict for either plaintiff or defendant, just as the jury gave credit to the testimony of the witnesses. Whether the jury erred, and as claimed by plaintiff's counsel rendered an "obviously capricious" verdict, was a matter within the sound discretion of the trial judge, who saw the witnesses, heard them testify, and noticed their demeanor while on the witness stand; he no doubt considered these matters in disposing of the motion for a new trial. The fifth assignment refers to the refusal of the court to permit plaintiff's attorney to examine one of defendant's witnesses on cross-examination in re-

gard to matters not touched upon in the direct examination, and not intended to show either bias, or to test the integrity of the witness or the accuracy of his statements.  The purpose of the proposed cross-examination was to bring out matters that if relevant were part of plaintiff's case in chief.  In refusing to permit this testimony, the trial judge was clearly correct, and his ruling is sustained by Glenn v. Philadelphia & West Chester Traction Company, 206 Pa. 135, in which Mr. Justice MESTREZAT, speaking for this court, says: "It is well settled in this State that the cross-examination of a witness should be confined to matters in regard to which he has been interrogated in chief, or to such questions as may tend to show his bias, interest or relation to the party calling him, or test his knowledge, integrity and accuracy of statement.  A party should not be permitted to establish his claim or to prove his defense by a cross-examination of the witnesses of his opponent.  Such is not the purpose for which a witness is cross-examined.  While this is the rule, yet the range of a cross-examination, to a very great extent, must be left to the sound discretion of the trial judge, and unless that discretion has been plainly abused, to the injury of the party complaining, it is not ground for reversal."  In this case the trial judge clearly acted within the discretion vested in him, and properly sustained the objection to plaintiff's line of examination.  The sixth assignment relates to a portion of the court's charge as follows: "As to permanent injury the court is of opinion that there is no such definite or specific testimony as to warrant any finding upon your part for anything in the future.  It would be too indefinite."  We fail to find testimony sufficiently explicit to warrant the submission of this question to the jury.  The only evidence we can discover which alludes to injuries of a durable character is that of Dr. Duvall, who was asked whether in his judgment plaintiff "would ultimately get well or require treatment indefinitely," and replied, "It would be difficult to

answer that question definitely. She is still complaining. Of course I do not see any evidence of it and I have to take her statement." This vague answer to a direct question without supporting evidence to show the probability of a lasting injury proves nothing, and as damages are never presumed but must be proved—Beck v. Balto. & Ohio R. R. 233 Pa. 344—the trial judge was not in error in charging the jury as he did in this respect. The objection of plaintiff to the admission of portions of the testimony of plaintiff and her sister given at the trial of another case, in which plaintiff claimed damages from defendant company for injuries which she said were the result of defendant's negligence, is without merit. At the present trial on direct examination both plaintiff and her sister testified that plaintiff had fully recovered at the time of that trial from the injuries received in the former accident, and for which a recovery was had against defendant. While at the trial of the former case—which was shortly before the accident sued for here—both testified that plaintiff at that time suffered from headaches; was sick, and was "still just as bad as when she was first hurt."

The object of this offer was to contradict the statements of these two witnesses as to plaintiff's condition at the time of the second accident, and discredit their testimony. For that purpose the ground was properly laid and the examination confined to portions of their testimony, which conflicted with that given by them at this trial concerning the physical condition of plaintiff about the time of the accident upon which this action is based. For that purpose the offer was proper, and the testimony clearly admissible. This ruling is supported by Becker v. Philadelphia, 217 Pa. 344.

The assignments of error are overruled and the judgment affirmed.