## Amidon *v.* Harmony Creamery Co., Appellant.

*Contracts—Interpretation—When question is for jury.*

When, in an action to recover money alleged to be due upon a contract, there is dispute as to the terms of the contract, and the principal part of the testimony is oral, it is for the jury to determine what the terms of the contract were, including the question as to whether the employment was only from month to month, or was upon an annual basis.

Argued April 28, 1922.   Appeal, No. 6, April T., 1922, by defendant, from judgment of C. P. Allegheny County, April T., 1921, No. 1541, refusing to allow an appeal from judgment of County Court of Allegheny County, in the case of Martin V. B. Amidon v. Harmony Creamery Co., a corporation.   Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.   Affirmed.

Assumpsit to recover on contract.   Before KENNEDY, P. J.

Petition for leave to appeal from County Court of Allegheny County.   Before MACFARLANE, J.

Plaintiff sued to recover wages and commissions alleged to be due him upon a contract with defendant company.   Defendant admitted that the original contract did not fix a definite term of employment, but claimed there was a subsequent arrangement amounting to an agreement for a yearly employment, and that the plaintiff had been discharged for cause.   There was evidence that, from commissions earned by the plaintiff in one month, $100 had been retained by the company as a protection to the company against future decrease in business.

Verdict for plaintiff in the sum of $434.49.   Petition for appeal refused by the common pleas.   Defendant appealed.

206, (1922).] Assignment of Error—Opinion of the Court.

*Error assigned* was judgment of the court in refusing to allow an appeal.

*John Murray Redden,* for appellant.

*Oliver K. Eaton,* for appellee.

PER CURIAM, July 13, 1922:

We have carefully examined the record in this case and are not convinced that sufficient reasons exist for setting aside the judgment of the court. The plaintiff's case and the principal part of the defense was presented through oral evidence and its credibility was for the jury. It was not disputed that the plaintiff was employed by the defendant and that the contract was made as alleged by him for an increase of compensation in the nature of a commission or bonus based on the April sales of milk. Both the plaintiff and the officer of the defendant with whom the contract was made say that there was no definite period fixed for its continuance. The paper, dated August 17, 1919, on which the defendant relies to support the allegation that the contract was a yearly one and that there was an agreement for a retention of a part of the commission as a guarantee against a future decrease in sales, was not signed by the plaintiff, and he denies that he entered into that arrangement although he admits he accepted the amount then due less the $100. His explanation of the transaction was given to the jury and they accepted his version as shown by the verdict. There is not such conclusive evidence nor is there such a failure on the part of the court to instruct the jury on the questions at issue as to justify a reversal of the judgment of the Court of Common Pleas in refusing an appeal.

The judgment is affirmed.