## Klekotka, Appellant, *v.* Chalfant.

*Practice, C. P.—Verdicts—Inadequacy—New trials—Discretion of court.*

In an action to recover damages for personal injuries, a refusal to grant a new trial, because of the inadequacy of the verdict in favor of the plaintiff, will not be reversed, in the absence of any abuse of discretion on the part of the trial judge.

It is a well established rule that the granting or refusing of a new trial is within the discretion of the court, and the exercise of such discretion is not reviewable except for gross abuse. The error must be manifest to enable the appellate court to sustain an exception to such action of the trial court.

Argued October 4, 1923. Appeal, No. 77, Oct. T., 1923, by plaintiff, from judgment of C. P. No. 4, Phila. Co., March T., 1922, No. 7133, on verdict for plaintiff in the

case of Frank Klekotka, by his father and next friend, Peter Klekotka, v. Brantley O. Chalfant and Robert L. Chalfant, Individually, and as Co-Partners trading as B. O. & Robert Chalfant. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before FINLETTER, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff, Frank Klekotka, in the sum of $50 and for plaintiff, Peter Klekotka, in the sum of $122.-50 and judgment thereon. The plaintiff, Frank Klekotka, appealed.

*Error assigned* was refusal of plaintiff's motion for a new trial.

*James M. Dohan,* and with him *James F. Masterson,* for appellant, cited: Corpus Juris, vol. 17, p. 1108; Bradwell v. Railway Co., 139 Pa. 404; Hammaker v. Watts Township, 71 Pa. Superior Ct. 554; Spence v. Stockdale Borough, 57 Pa. Superior Ct. 622.

*Layton M. Schoch,* and with him *George H. Detweiler,* for appellees, cited: Wirsing v. Smith, 222 Pa. 9; Smyth v. Phila. and West Chester Traction Co., 263 Pa. 511; Gallagher v. Phila. Rapid Transit Co., 248 Pa. 304; Class and Nachod Brewing Co. v. Giacobello, 277 Pa. 530.

OPINION BY HENDERSON, J., November 19, 1923:

The appellant was injured by a truck driven by an employee of the defendants. The case was twice tried—the first trial resulting in a disagreement of the jury, and the second, in a verdict for the appellant for $50, and for his father for $122.50, the amount of expense for

159, (1923).]     Opinion of the Court.

care of his minor son to which the latter was subjected as a result of the accident. The injury complained of was a fracture of the boy's leg. The only error assigned is the refusal of the court to grant a new trial, the reason for a new trial being the inadequacy of the verdict in favor of the appellant. A consideration of the case leads us to the conclusion that the court was not in error in overruling the appellant's motion. The case was a very doubtful one and in the opinion of the trial judge, the weight of the evidence was with the defendants. The verdict was evidently a compromise and perhaps resulted from the sympathy of the jurors. It is a well established rule that the granting or refusing of a new trial is within the discretion of the court, and the exercise of such discretion is not reviewable except for gross abuse. The error must be manifest to enable the appellate court to sustain an exception to such action of the trial court. A reference to Gallagher v. Phila. Rapid Transit Co., 248 Pa. 304; Smyth v. Phila. and West Chester Traction Co., 263 Pa. 511; and Class and Nachod Brewing Co. v. Giacobello, 277 Pa. 530, will show that appeals for the cause here assigned are seldom sustained and only in very clear cases. It is not manifest that the case under consideration is of that class.

The assignment is overruled and the judgment affirmed.