Besecker *v.* General Acceptance Corporation, Appellant.

Argued December 11, 1940.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, RHODES and HIRT, JJ.

*Israel Krohn,* with him *David Getz,* for appellant.

*Geo. F. Coffin, Jr.,* for appellee.

OPINION BY STADTFELD, J., January 30, 1941:

The plaintiff was hired by the defendant, an automobile finance company, as its agent, under an oral contract, to secure and place finance business for it. The home office of the finance company was in Bethlehem, Northampton County, Pennsylvania. The plaintiff was placed in charge of the defendant's Gettysburg office. The terms of the oral contract of hiring were as follows: On or about the first day of April, 1937, the defendant hired the plaintiff, J. F. Besecker, to act as a salesman for the defendant company and agreed to pay him for his services the sum of $175 per month, and, in addition, the defendant orally agreed to set up a contingent reserve of 1% on new car business and 1½% on used car business transacted through J. F. Besecker; any losses in excess of the amount set up in the dealer's reserve to be charged to that account and in the remain-

ing balance of the contingent reserve, Besecker to participate up to 50%. Adjustments on the contingency reserve account to be made on a semi-annual period.

The defendant, in paragraph three of its affidavit of defense, admitted the oral contract as set forth in its entirety. This oral contract was confirmed in writing April 21, 1937, by F. R. Wills, president of the General Acceptance Corporation. Defendant further admitted that the amount of $1,313.32 balance as set up by Besecker as the amount of money in the contingent commission account was correct, but that by reason of certain losses the said account did not show any balance subject to division with the plaintiff. The defendant then set forth as new matter, specific losses which defendant alleged it had sustained, to which new matter and supplemental affidavit of defense plaintiff filed a reply, specifically denying that the plaintiff was a party to any fictitious and collusive transactions or that any losses had been sustained as set forth.

At the trial, the plaintiff produced his records to show the gross business done by him and the consequent credits to the reserve account. The defendant then offered evidence to prove the losses in excess of the dealer's reserve as set forth in his pleadings. Plaintiff contradicted such testimony by competent evidence. The defendant further offered evidence to show that the plaintiff was guilty of fictitious and collusive transactions which caused loss to it. The case thereupon went to the jury and hinged on these factual issues: 1. Had the plaintiff caused losses in excess of the dealer's reserve and, if so, in what amount? 2. Had the plaintiff been guilty of collusive and fraudulent transactions in his dealings with his customers?

The case was submitted to the jury in a fair and comprehensive charge to which no exceptions were taken. The questions of fact were submitted to the jury under the pleadings, and the testimony whether or not the plaintiff had been guilty of bad faith in his dealings

for and on behalf of the defendant, and whether or not out of the business he conducted for the defendant any losses had arisen, and whether or not those losses were so large that he was not entitled to share in the contingency reserve account.

The jury found a verdict in favor of the plaintiff for the amount of his claim with interest, thereby resolving both questions of fact in favor of the plaintiff; first, that there were no losses caused by him in excess of the dealer's reserve which were properly chargeable against the contingent reserve; and second, that the plaintiff had not acted fraudulently or collusively with respect to the business that he carried on for his principal.

Motions for new trial and for judgment non obstante veredicto were overruled by the court in banc and judgment directed to be entered on the verdict, in an opinion by LAUB, J. This appeal followed.

Appellant assigns, inter alia, as error, the action of the trial judge in sustaining plaintiff's objection to testimony of defendant's witness, Leapson, relating to his conversations with plaintiff at the time of the oral agreement of hiring. In view of the fact that the oral contract as set forth in the statement of claim was admitted in the affidavit of defense, the terms of the contract were not in issue, and all discussions at or prior thereto are presumed to be merged in the agreement. Notwithstanding that the objection was sustained, an examination of the record shows that Leapson did testify to conversations concerning the employment and the duties of the plaintiff in connection therewith.

Appellant contends that the burden of proof as to losses to be deducted from the "reserve account" was on plaintiff. As the data in relation thereto was entirely within the knowledge of the defendant, we are of the opinion that this burden was cast on the latter, particularly where the plaintiff denied knowledge thereof.

Appellant further complains that the trial judge

limited the cross-examination of plaintiff as a witness. An examination of the record indicates that the court was very liberal in that respect. The testimony of this witness covers ninety-seven pages, of which nine pages were direct and re-direct and seventy-six pages were cross-examination. The same comment of liberality applies to the cross-examination of Max Goetz. The range of a cross-examination is largely within the sound discretion of the trial judge and unless that discretion has been abused to the injury of the party complainant, it is not ground for reversal: *Gallagher v. Phila. R. T. Co.* 248 Pa. 304, 93 A. 1074; *Commonwealth v. Keegan (No. 1)*, 70 Pa. Superior Ct. 436; *Warner Co. v. Exeter Machine Works*, 58 Pa. Superior Ct. 477.

Appellant contends that the testimony showed a loss in excess of the "reserve account" arising out of transactions with the Goetz Tractor Company, and that the alleged loss was chargeable to the "reserve account", and that the same was not contradicted by plaintiff. Plaintiff did testify that he did not know how much the defendant realized from the resale of repossessed automobiles, nor whether the defendant sustained any loss thereby. In addition, there was evidence of a settlement between defendant and Goetz Motor Company and as a result of the settlement, there was no loss on the account that was not covered. The entire matter resting on parol testimony necessarily had to be submitted to the jury. The instructions to the jury in relation to this matter are not complained of. There is no merit in the assignment of error in relation thereto.

Appellant further contends that the trial judge misstated the evidence, but an examination of the record does not sustain this contention. In view of the fact that no exception was taken to the charge of the court nor any additional instructions asked for, it is with ill grace that appellant makes this charge against the trial judge. The jury was expressly charged that if the plain-

tiff was guilty of bad faith in his dealings with the defendant and was involved in collusive and fictitious deals with any persons at all, he was not entitled to recover in any amount whatsoever.

Appellant assigns for error the refusal to give binding instructions in favor of defendant or to enter judgment non obstante veredicto. As the entire case rested on parol testimony, the credibility of the witnesses was for the jury, and binding instructions would not have been proper.

In the case of *Henigin v. Booth & Flinn, Ltd.,* 307 Pa. 528, 161 A. 871, the Supreme Court held that: "...... In reviewing the evidence in order to determine whether or not appellant was entitled to have binding instructions in his favor, we must accept as true all the facts and proper inferences from facts which tend to sustain the contention of appellee, and, so far as they rest in parol only, must reject all antagonistic facts and inferences." Thus, in the case of *Yeager v. City of Pittsburgh,* 103 Pa. Superior Ct. 34, 157 A. 353, it was held that in determining the facts for the purpose of review, this court will consider the evidence most favorably supporting the plaintiff's verdict, and disregard the rest.

The credibility of the witnesses was for the jury, and the jury did not believe the defendant's witnesses with regard to their testimony tending to establish losses, or to prove bad faith on the part of the plaintiff.

The assignments of error are overruled and judgment is affirmed.