## Stack *v.* Tizer, Appellant.

Argued June 12, 1964. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*James J. Boyle,* with him *Ettinger, Boyle & Silverman,* for appellant.

*Ronald N. Rutenberg,* with him *Rutenberg, Rutenberg & Rutenberg,* for appellee.

OPINION BY WATKINS, J., September 17, 1964:

This appeal is from an order of the Court of Common Pleas No. 3 of Philadelphia County, denying appellant's motions for judgment n.o.v. and for a new trial.

Trial was had before a jury and a verdict in favor of the plaintiff-appellee was rendered in the amount of $8570.04, later modified to $8266.20. We are, therefore, bound on appeal to view all the testimony and evidence together with all reasonable inferences to be drawn therefrom in a light most favorable to the verdict winner. *Muroski v. Hnath*, 392 Pa. 233, 139 A. 2d 902 (1958); *Besecker v. Gen. Accept. Corp.*, 143 Pa. Superior Ct. 367, 17 A. 2d 916 (1941).

A review of the entire record reveals conflicting testimony on most issues; however, these were for the jury's resolution after proper instruction by the court, which was done in appellee's favor and we find sufficient credible testimony and evidence to sustain their findings. *Besecker v. Gen. Accept. Corp.*, supra; *Amidon v. Harmony Creamery Co.*, 79 Pa. Superior Ct. 206 (1922).

In this light, the facts are as follows: Jack B. Tizer, the appellant, was seeking a supervisor for his stores in California and this was made known to his friend, Theodore Rubin. Rubin interested his brother-in-law, David Stack, the appellee, in the position and arranged a meeting of the parties on May 26, 1958. An oral employment contract was entered into by them by which it was provided that the appellee would leave his present employment and enter the employment of the appellant's store organization. He was to undergo a training period in the Philadelphia stores for a supervisory position in the California stores' organization of the appellant. While being so trained he was to be paid $175 weekly. It was agreed that he would sell his home and that upon the conclusion of the train-

ing period on or about July 15, 1958, upon notice from the appellant would go to California where he would assume a position of supervisor at a salary of $250 weekly.

The term of the agreement was one year. In the event the appellant cancelled the agreement upon ninety days' notice to the appellee the the appellant would pay any loss occasioned as the result of the sale of his home and would bear the expense of moving him back to Philadelphia. No one in the appellant's organization was to be informed of the agreement. The appellee began work under the oral agreement on May 28, 1958 and was discharged in September, 1958 after the sale of his home but before he assumed any duties in California. This suit for damages followed.

Appellant contends that judgment n.o.v. should be entered because the agreement was too indefinite and also the parties indicated that they mutually abandoned the contract. With this we cannot agree, as stated above, though the testimony was somewhat conflicting, it was for the jury's determination and there was sufficient credible testimony to support the findings of a complete contract and an intent to comply with its terms. *McCormack v. Jermyn*, 351 Pa. 161, 40 A. 2d 477 (1945).

The appellant contends that a new trial should be granted because of a comment made by the trial judge in his charge that he found no evidence in the case that the parties mutually abandoned the contract. It is agreed that there was some evidence from which mutual abandonment might be inferred. However, the charge of the court below was thorough, exhaustive and fair and must be read and considered as a whole. He repeatedly admonished the jury that they must rely on their own recollection of the testimony and not that of the court or the lawyers for either side. The error complained of was slight, taking the charge as

a whole, and not of such material prejudicial character as to warrant a new trial or to constitute a refusal of a new trial an abuse of discretion. This is especially true in view of the fact that no objection was made or a correction sought by the appellant at the conclusion of the charge.

The final contention by appellant is that the court erred in admitting testimony of Mr. Rubin concerning the term of the agreement. Mr. Rubin was actually a key figure in bringing the parties together and was seriously interested in the terms to be agreed upon, and was in a position to be familiar with the terms of the complete agreement, the circumstances existent at the time and the intent of the parties. The introduction of testimony is peculiarly within the scope of the discretion of the trial judge and will not be disturbed in the absence of an abuse of this discretion. *Nelson v. Facciola,* 197 Pa. Superior Ct. 502, 179 A. 2d 258 (1962).

Order affirmed.