**Huguet v. Foodsales, Inc.**

*Gregory S. Rubin*, for plaintiff.
*Robert S. Gawthrop, Jr.*, for defendant.

STIVELY, *J.*, August 11, 1980—This matter comes before the court on defendant's motions for new trial and judgment n.o.v. Action was initiated in December, 1976 with a complaint in equity and a motion for a preliminary injunction. After a hearing concerning the injunction was heard in January, 1977 before the Honorable Leonard Sugerman, said request for injunctive relief was denied and the action was certified to the law side of the court. The case was then tried before a judge and jury during the April, 1979 civil trial term. Verdict was returned in favor of plaintiff in the amount of $60,000. The relevant facts are as follows. Plaintiff, a 40 percent partner in A. E. Turner and Company, food brokers (hereinafter cited as Turner), entered into an agreement with Food Marketing Association, Inc. (hereinafter cited as Food Marketing) in which the Turner business was sold to Food Marketing. The consideration received by Food Marketing from Turner was
  (1)  the national accounts of Turner,
  (2)  the customers of Turner,
  (3)  the physical assets of Turner, and
  (4)  the good will and reputation of Turner,

and the consideration received by Turner from Food Marketing was the employment of plaintiff by Food Marketing. The agreement was signed June 1, 1968 (plaintiff Exhibit no. 1) and plaintiff continued in the employ of Food Marketing until January, 1975 when defendant bought out Food Marketing. In the agreement between defendant and Food Marketing, defendant assumed all responsibilities and obligations owed to plaintiff by Food Marketing. In December, 1976 defendant terminated plaintiff's employment under defendant's policy of termination of employes at age 65. It is from this termination of plaintiff's employment that a cause of action arose.

I. Plaintiff's contract with defendant was not terminable at will.

Defendant's main thrust of arguments for new trial and judgment n.o.v. deal with the proposition that the contract between plaintiff and Food Marketing was a contract terminable at will or in the alternative a contract for employment for a reasonable time. We disagree with defendant's interpretations of the contract. We believe the case of Weidman v. United Cigar Stores Co., 223 Pa. 160, 72 Atl. 377 (1909), to be directly on point and dispositive of this issue. In Weidman, plaintiff, the owner of a cigar store in Pittsburgh, entered into a written agreement with defendant to purchase the cigar store. Upon defendant's appraisal of both inventory and the business, plaintiff, who received monetary compensation only to the value of inventory and store fixtures, was to be general manager of the store and was to receive certain sums per year for services rendered. Defendant terminated plaintiff's employment within a year on the basis that the contract was terminable at will, for the contract had no definite, fixed period of employment.

Primarily, it is essential to establish that in an employment contract, if no definite time period for employment is expressed, in the absence of facts and circumstances, to the contrary, a hiring at will is to be presumed. If a contrary intention can be derived from the contract itself, this intention will prevail.

The court, in Weidman, in holding that the contract was not terminable at will, followed the proposition that a necessary inference to the contract was that plaintiff's employment was part of the consideration on which the contract was made and that if the business "had been a profitable one, it is hardly probable that they [plaintiffs] would have been content to part with it for simply what the store and fixtures would be found to be worth on an appraisement." Weidman at 162. The court also reasoned that if future employment was a basis for consideration of the contract, it is highly suspect that so much of the consideration was to be subject to the "caprice of the employer."

The facts in the instant case are comparable to the facts in Weidman. Mr. Huguet entered into an agreement to which his only consideration was employment for as long as he could "cut the mustard" (N.T. 120). The testimony presented established the fact the plaintiff's business was a profitable one and that plaintiff took an active role in the contract negotiations, especially those negotiations with regard to plaintiff's employment past age 65. With these relevant facts, it is difficult to concede defendant's contentions that the contract was terminable at will. In fact, the court's reasoning in Gillian v. Consolidated Foods Corp., 424 Pa. 407, 415-416, 227 A. 2d 858 (1967), is applicable to the instant case and we adopt it as follows:

"The record facts and circumstances are suffi-

cient to rebut the presumption that the Tyson-Gillian understanding contemplated simply a hiring at will of Gillian. The evidence discloses that Gillian did not accept as his primary consideration for the sale of his business an employment at will that conceivably could terminate in a few days or a few weeks. The circumstances surrounding this entire transaction rebut a hiring at will and establish a fixed employment contract for one year. . . .

"What the chancellor did state was that is was 'an almost necessary inference, that the employment . . ., was part of the consideration on which the total agreement rested. If the business that [Gillian] was engaged in had been a profitable one, it is hardly probable that he would have been content to give it up for simply the value of his machinery and the relief from a business obligation. *If* not a business success, it is not probable that [Consolidated] would be desirous to place a man who had failed to make a success of a local venture in charge of a venture which both parties expected to become successful on a nationwide scale. So far as the future employment entered into the contract, it was of the largest concern to him who was to be employed.'" (Emphasis in original.)

In the instant case, plaintiff, as an employe, has given consideration additional to services incident to being employed by defendant, i.e., sale of plaintiff's business and in the absence of circumstances to the contrary, a contract for life employment (or as we have here, employment for as long as plaintiff can "cut the mustard") is valid and enforceable and not against public policy and is not terminable at will. See Lucacher v. Kerson, 158 Pa. Superior Ct. 437, 45 A. 2d 245, aff'd 355 Pa. 79, 48 A. 2d 857 (1946).

In determining whether an employment contract is for a definite term, the court, in Lucacher v. Kerson, stated at p. 440:

". . . [I]t is the intention of the parties which is the ultimate guide, and, in order to ascertain that intention, the court may take into consideration the surrounding circumstances, the situation of the parties, the objects they apparently have in view, and the nature of the subject-matter of the agreement." See also, Slonaker v. P. G. Publishing Co., 338 Pa. 292, 296, 13 A. 2d 48 (1940); Lubrecht v. Laurel Stripping Co., 387 Pa. 393, 396, 127 A. 2d 687 (1956). See also, Weidman v. United Cigar Stores Co., 223 Pa. 160, 161, 72 Atl. 377 (1909); Gillian v. Consolidated Foods Corp., 424 Pa. 407, 227 A. 2d 858 (1967). See also, Restatement, Agency, §442, Comment C.

In establishing the intent of the parties, plaintiff entered into evidence certain parol testimony. Defendant contends that the court erred in admitting this testimony. We find this argument without merit. Rosenfeld v. Rosenfeld, 390 Pa. 39, 49-50, 133 A. 2d 829 (1957), held that "[i]n order to exclude parol evidence, the writing must be a complete contract, importing a full legal obligation with no uncertainty as to the terms of the agreement [citing cases]. . . . When a contract is silent [as to] duration, parol evidence is always admissible to show the circumstances surrounding the execution of the contract. . . ."

It is evident that the issue presented in the instant case deals with whether or not the intention of the parties could be found within the four corners of the contract. Evidence by both plaintiff and defendant was presented dealing with corre-

spondence and conversations between the parties concerning the contract. Both parties admit to the issue that plaintiff refused to agree with paragraph six of the original contract with Food Marketing which dealt with mandatory retirement and decreased wages at age 65. Defendant contends that by plaintiff's admission of working until he can "cut the mustard," plaintiff has made the contract terminable at will for no definite time period may be placed upon "cutting the mustard." In the alternative, defendant argues that by plaintiff's working for Food Marketing and then defendant for a period of nine years is a reasonable period of time and as such, plaintiff was not wrongfully dismissed.

The issue of whether or not a definite period of time was fixed in an employment contract, is a question of fact which, with proper instructions, must be submitted to the jury: Vogue v. National Rolling Mills, 72 D. & C. 2d 332, 23 Chester 6 (1974).

The court in the instant case admitted all relevant parol evidence as to the issue of the duration of the contract. In its instructions, the court informed the jury that:

"The law says where the intention of the parties is not clearly expressed in the agreement and the words give rise to ambiguity and doubt, then the jury may consider the surrounding circumstances to ascertain the intention of the parties."

Further, the court instructed that it was up to the jury to determine if the contract was ambiguous and if the jury so found the contract, only then were they to consider the surrounding circumstances. Based on the abovestated reasoning the court properly admitted the relevant parol testimony into evi-

dence so that the jury, if necessary, could use it in evaluating the circumstances surrounding the contract for determining the intention of the parties.

A case similar to the instant one is Brawthen v. H. & R. Block, Inc., 52 Cal. App. 3d 139, 149, 124 Cal. Rptr. 845, 851-852 (1975), a California case which held:

"It is a long established principle that a 'contract for permanent employment . . .' is only a contract for an indefinite period terminable at the will of either party . . . unless it is based upon some consideration other than services to be rendered (citing cases) . . . A detriment, in the form of removal of family and foregoing of other business and [contracts,] if bargained for, will constitute sufficient consideration to support a contract for permanent employment." (Citing cases.)

In the case at bar, it is reasonable to conclude that plaintiff's agreement of sale was supported by consideration other than mere employment to age 65. In essence, plaintiff contracted with Food Marketing to sell a 22-year-old profitable business; plaintiff received no monetary consideration, but rather contracted for employment for as long as he could "cut the mustard."

Also analogous to plaintiff's cause of action is Lightcap v. Keaggy, 128 Pa. Superior Ct. 348, 194 Atl. 347 (1937), which dealt with a master/servant relationship, where the servant was allegedly hired in the early part of 1908 for the term of his natural life. Plaintiff's employment, for various reasons (one being an assault by plaintiff on defendant), was terminated on June 11, 1932. The court, by

citing numerous cases upheld the proposition that an employment contract may be made for "as long a period as plaintiff should properly do the work assigned to him." Lightcap at 359, when there is additional compensation rendered, i.e., where a servant releases his claim for damages against a negligent employer, but that the general rule is that a contract for steady and constant employment where sole consideration is services rendered during the time of employment is terminable at will: Lightcap at 359.

Plaintiff falls into the exception, and not the general rule, since he paid additional compensation, i.e., the good will of a 22-year-old profitable business.

With these facts in mind, we conclude that the evidence was sufficient to sustain the judgment.

We find that by evaluating the testimony submitted the jury could properly determine whether the contractual relationship was to endure for a definite period of time, to endure for a reasonable period of time or to be terminable at will. See Lubrecht v. Laurel Stripping Co., supra.

Therefore, we hold that the jury was warranted under the evidence in finding for plaintiff a right to employment and that the contract was not terminable at will. We deny defendant's motion for new trial and judgment n.o.v.

II. The court did not err in permitting Frank Kearney to testify as to his contract under the same agreement with defendant.

It must be recognized that plaintiff and Mr. Kearney were 40 percent and 60 percent partners respectively in A. E. Turner Co. and that they both actively negotiated with Food Marketing at the time of the sale in 1968. Mr. Kearney attended all

the meetings and was present when plaintiff expressed dissatisfaction with paragraph 6 of the agreement. Due to this dissatisfaction, plaintiff's name was deleted from the section dealing with salary reduction at age 65 and a sentence was added stating a similar option (i.e., similar to the option offered to Frank Kearney) shall be made available to Huguet upon his attaining the age 65. Granted, the applicable law of this Commonwealth is that the best evidence of the meaning of a contract is that which the parties themselves put on it but when ambiguities arise, it may be necessary to admit parol evidence as to intent.

When a third person is instrumental in bringing the parties together, is actively involved and adequately familiar in determining and deciding the contractual terms to be agreed upon in the agreement, and is knowledgeable as to both the circumstances existing at the time of the agreement and to the intent of the parties, then the introduction of this evidence by a third party is within the discretion of the trial judge and will not be disturbed absent an abuse of discretion: Stack v. Tizer, 204 Pa. Superior Ct. 203, 203 A. 2d 403 (1964). Frank Kearney fits into this exception. He was knowledgeable about the contract and was certainly familiar with the option term because the contract stated that an option similar to Mr. Kearney's would be available to plaintiff. Since conflicting testimony arose concerning what the option actually meant and what it encompassed, Mr. Kearney's testimony was directly relevant and most certainly probative of the issue and there was no error in its admission.

The testimony presented by Mr. Kearney did not deal with an altogether different contract which

was immaterial and irrelevant to the instant agreement but rather dealt with the same contract, which included the same terms and the same consideration. Therefore the evidence of Mr. Kearney, an indispensable figure in the contractual negotiations, was necessary to establish both the meaning and intent behind the conflicting terms of the agreement as arose between plaintiff and defendant. See Gibson v. Campbell, 242 Pa. 551, 89 Atl. 662 (1914); Stack v. Tizer, supra.

In admitting this testimony, there was no abuse of discretion by the trial judge especially in view of the proper cautionary instructions given to the jury.

III. Defendant's reason for judgment n.o.v. based upon plaintiff's evidence establishing that he would be living beyond his work life and therefore would not be an employe and eligible for insurance benefits must be denied.

The issue as to whether plaintiff established that he would be living beyond his work life is an issue of fact to be decided by the jury. A judgment n.o.v. "may never be utilized so as to invade the province of the jury, especially where that determination is based partly on questions of conflicting testimony and credibility of witnesses. [Citing cases.]" Eldridge v. Melcher, 226 Pa. Superior Ct. 381, 386, 313 A. 2d 750 (1973). As long as there is credible evidence upon which to base the jury's verdict, judgment n.o.v. will be denied. Eldridge, supra. We find this reasoning dispositive as to the instant case.

Alternatively, we find this issue to be marginally relevant and of little probative value and the jury's verdict was one "which could logically . . . be reached, irregardless as to whether or not it was the only conclusion that could be reached." Smith v.

Bell Telephone Co. of Penna., 397 Pa. 134, 138, 153 A. 2d 477, 479-480 (1959). As such, defendant's motion for judgment n.o.v. is denied.

IV. The court did not err in refusing to grant defendant's request for special findings of fact.

It is within the discretion of the trial judge whether or not to grant defendant's request for special findings of fact and this decision will not be disturbed absent an abuse of discretion. Since defendant did not brief this issue and therefore we have no basis on which to determine defendant's contentions, and since we find no abuse of discretion by the trial judge, defendant's motion for new trial is denied.

V. The verdict was not against either the evidence or the weight of the evidence.

This court finds that there was sufficient evidence presented to support the jury's verdict, see Dixon v. Andrew Tile & Manufacturing Co., 238 Pa. Superior Ct. 275, 357 A. 2d 667 (1976), and therefore defendant's motion for new trial is denied.

Upon the foregoing reasons we entered our order of March 18, 1980 denying defendant's motions for new trial and judgment n.o.v.