See also the next case.


## Webb, Appellant, v. Lees.

*Master and servant—Contract—Payment by time—Evidence.*

The fact that an employee accepted wages from week to week for a period of eighteen months, the whole time of his employment, at a rate in accordance with his own returns of time, is convincing evidence that he was to be paid according to time, and not only should it so be set before the jury, but the jury should not be permitted to disregard it in the absence of an explanation equally clear, complete and convincing, and made out by evidence that does and ought to carry conviction: Webb v. Lees, 149 Pa. 13, reaffirmed.

Argued Jan. 31, 1893.    Appeal, No. 106, Jan. T., 1893, by plaintiff, John Webb, from judgment of C. P. Montgomery Co., Dec. T., 1888, No. 42, on verdict for defendants, Joseph Lees et al., trading as James Lees & Sons.   Before PAXSON, C. J., GREEN, WILLIAMS, MITCHELL and DEAN, JJ.

Assumpsit for wages.

At the trial, before WEAND, J., plaintiff testified that he was employed by the defendants to act as superintendent, at a sal-

ary of $35 per week, and if the mill ran over 60 hours per week he was to be paid a ratable increase for such extra time, but in any event, whether the mill ran or not, he was to receive $35 per week. Defendants testified that, by the terms of his employment, plaintiff was to be paid at the rate of $35 per week of sixty hours, for such time as he actually worked. It was not contradicted that plaintiff had accepted wages from week to week for a period of eighteen months, the whole time of his employment, at a rate in accordance with his own returns of time. It was claimed for plaintiff, however, that the return was merely the time of the running of the mill.

Defendant produced book containing transcript made by himself from time book, and offered to testify as to the time from it. The Court : I suppose this is to be followed up by the testimony that he received pay accordingly ? Mr. Hunsicker : Yes, sir. Mr. Larzelere : I object to this evidence, upon the ground that it is not the best evidence of the return made by Mr. Webb, and because of the non-production of the book in which the return was made, which is in the defendants' possession. Objection overruled, exception. [3]

Plaintiff proposed to show that he, as superintendent of the new process, was required by defendants to experiment with different wools upon this machinery in order to obtain the best possible combination of wools, to produce the best products, and at many times, while his department was running for only a few hours in a day or a week, it was not done in producing, but was merely done in experimenting by him, in the selection of the kinds of yarns that would be suitable in the process ; if they succeeded in getting that combination of wools and the machinery adapted to it, then the mills were regularly started and run to full time or nearly so in the producing of yarns. Also when the witness produced samples by such experiments, he went to Philadelphia and elsewhere with those samples to introduce them to jobbers and others, to see how they would suit the market, for the purpose of having the mill produce the kind of yarn that the market would take. Objected to, objection sustained, exception. [4]

Defendants' point among others was as follows :

" 2. That, under the undisputed evidence of the case the plaintiff returned his own time, and drew his pay every two

weeks, based on said return at the rate of $35 per week, each week consisting of 60 hours actual work, is convincing evidence that he was paid according to the time, and there being no explanation given by the plaintiff that does or ought to carry conviction, hence the verdict must be for defendants." Affirmed. [2]

Binding instructions for defendants were given. [1]

Verdict and judgment for defendants.   Plaintiff appealed.

*Errors assigned* were (1–4) above instructions and rulings, quoting them and the bills of exception.

*N. H. Larzelere, M. M. Gibson* with him, for appellant, cited Curry v. Curry, 114 Pa. 371; Patterson v. Dushane, 115 Pa. 334; Express Co. v. Wile, 64 Pa. 201; Bank v. Wirebach, 106 Pa. 37; Norton & Co. v. Breitenbach, 1 Pears. 467; Weaver v. Craighead, 104 Pa. 288; Galland v. Shroeder, 21 W. N. 103; McConnell's Ap., 97 Pa. 31; Gough v. Findon, 7 Exch. 49; American Steamship Co. v. Bryan, 83 Pa. 448; L. V. R. R. v. McKeen, 90 Pa. 122.

*John G. Johnson, Charles Hunsicker* with him, for appellees, cited Myers v. B. & O. R. R., 150 Pa. 389; Monroe v. Ins. Co., 52 Fed. R. 777; North Penn. R. R. v. Commercial Nat. Bank, 123 U. S. 727; R. R. v. Converse, 139 U. S. 469.

PER CURIAM, February 13, 1893.

This case appears to have been tried in the court below in strict accordance with the rule laid down by this court when it was here last year.   See 1 Adv. R. 677 [149 Pa. 13].

Judgment affirmed.